## No. 10,160.

## LOWDERMILK *v.* THE PEOPLE.

Decided November 7, 1921.   Rehearing denied December 5, 1921.

Plaintiff in error was convicted of unlawfully disposing of mortgaged property.

## *Affirmed.*

### *On Application for Supersedeas.*

1.  CONSTITUTIONAL LAW—*Title of Chattel Mortgage Act.* The subject of illegal sale of mortgaged property, held covered by and clearly expressed in the title, "An Act Concerning Chattel Mortgages,"

which title is not defective, as repugnant to section 1, article V of the state Constitution.

2. APPEAL AND ERROR—*Instructions—Harmless Error.* The defendant in a criminal case cannot complain of an instruction·which, though it may be erroneous, is in his favor.

3. CRIMINAL LAW—*Illegal Sale of Mortgaged Property—Description.* As between the parties to a chattel mortgage, the description of the property is sufficient if the mortgagee may say with reasonable certainty that it is subject to his lien. This rule is applicable in a criminal prosecution for the sale of mortgaged property.

4 EVIDENCE—*Exclusion.* In a criminal prosecution for the sale of mortgaged property, evidence concerning the sale of a portion of the property by the mortgagee held properly excluded, where there was no offer to show that the sale was without the consent of the mortgagor, nor that the property alleged to have been sold was sufficient to discharge the indebtedness.

5. APPELLATE PRACTICE—*Supersedeas—Disposition of Cause.* When a supersedeas is denied, the court in its discretion may affirm or reverse the judgment.

6. *Supersedeas—Oral Argument.* Oral argument will not be permitted on application for supersedeas.

*Error to the District Court ·of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. C. A. PRENTICE, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was informed against, tried, convicted and sentenced for unlawfully disposing of mortgaged property. To review ·that judgment he brings error.

The information was in two counts, the first charging that, having mortgaged property to the First National Bank of Aurora, he sold the same "without the written

consent or knowledge of the mortgagee, or notice to the mortgagee," while the lien of said mortgage was in full force and effect; the second charging that, under the same circumstances, defendant did "transfer, conceal, take, drive and carry away and otherwise dispose of said goods and chattels so described in said chattel mortgage." Both counts are based upon the same instrument and both describe the same property, including "60 head of red hogs of various sizes and ages." The only hogs mentioned in the mortgage are, "90 head stock hogs, different ages & sizes & breeds." Verdict and sentence were upon both counts.

Chapter 43, Laws of 1917, is entitled: "An Act concerning chattel mortgages." It covers generally the whole subject. Section 15 of the act makes a mortgagor guilty of larceny if he sell or "transfer" the property without first advising the purchaser, of the lien, and the mortgagee of the intended sale and the name and residence of the purchaser. Section 16 of the act makes a mortgagor likewise guilty of larceny who "shall transfer, conceal, take, drive, carry away, or otherwise dispose of" such property. This chapter specifically repeals certain statutes, and "all acts or parts of acts in conflict." It is admitted that the information herein is drawn under said sections.

The evidence is undisputed that defendant sold hogs covered by the mortgage, and removed other property included therein, all without the written consent of the mortgagee, and that such sale and removal were contrary to the terms of the mortgage. Whether these acts were done without giving the notice required by said section 15, is in dispute.

BURKE, J., after stating the facts as above.

The principal contentions of defendant are: 1. That the act in question is unconstitutional because of a defective title; 2. That the information, the evidence, the instructions, and the finding of the jury, as to the hogs in question, are inconsistent and irreconcilable; 3. That the description of the hogs, contained in the mortgage, was insufficient to enable the mortgagee to identify them, hence

as to them the mortgage was void; 4. That error was committed in the rejection of testimony concerning the bank's sale of other property covered by the mortgage. Other points raised require no consideration.

1. Section 21, article V, of the State Constitution provides:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

It is said that this court has so construed the word "clearly," as used therein, as to make the title of the Act of 1917 defective; that "An act concerning chattel mortgages" does not "clearly" express the subject of the illegal sale of mortgaged property.

Numerous Colorado cases are cited in the briefs but so far as the phase of the question before us is concerned there is no conflict, and as *In re Breene,* 14 Colo. 401, 24 Pac. 3, disposes of the question, and is cited and relied upon by both plaintiff and defendant, we limit our comment to that authority. "An Act to provide for the assessment and collection of revenue," contained a clause making it a penal offense for the State Treasurer to loan public funds for private purposes, and the court held that that subject was not "clearly" expressed in the title. The guiding principles, which are controlling here, are thus stated:

"The general assembly may, within reason, make the title of a bill as comprehensive as it chooses, and thus cover legislation relating to many minor but associated matters. For example, an act entitled 'An act in relation to municipal corporations' may provide for the organization, government, powers, duties, offices and revenues of such corporations, as well as for all other matters pertaining thereto. 'The generality of a title,' says Judge Cooley, 'is therefore no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection.' It is not essential that the title shall

specify particularly each and every sub-division of the general subject.  *  *  *.

But the legislature may, on the other hand, undoubtedly contract the scope of a title to the narrowest limits.  When, however, in the exercise of this discretion, it sees fit to thus restrict the title, care must be taken not to transcend, in the body of the bill, the limit thus voluntarily fixed.  *  *  *  The matter covered by legislation is to be 'clearly,' not dubiously or obscurely, indicated by the title.  Its relation to the subject must not rest upon a merely possible or doubtful inference.  The connection must be so obvious as that ingenious reasoning aided by superior rhetoric will not be necessary to reveal it.  Such connection should be within the comprehension of the ordinary intellect as well as the trained legal mind.  Nothing unreasonable in this respect is required, however; and a matter is clearly indicated by the title when it is *clearly germane* to the subject mentioned therein.  *  *  *  Had the legislature been content with the title 'An act in relation to revenue,' the question before us would be relieved of the present embarrassment.  Any and all provisions for raising, preserving and disbursing public funds would be germane to the general subject thus expressed.  The acts forbidden undoubtedly relate to these funds, and the statute under consideration would, so far as the present objection is concerned, be valid."

Testing the title of the act before us by the foregoing it seems unquestionable that its generality is commendable; that the illegal sale of mortgaged property has, by a "fair intendment," a proper connection; that it was unnecessary to particularly specify subdivisions of the subject; that its relation to the subject rests upon no doubtful inference; that the connection is so obvious as to be within the comprehension of the ordinary intellect, unaided by ingenious reasoning or superior rhetoric; that the act forbidden relates to chattel mortgages and, being "clearly germane" to the title, is "clearly indicated" by it.  Counsel has simply confused the word "clearly" with the word "specifically."

A subject may be "specifically mentioned," hence "clearly expressed," but the former is not essential to the latter.

It is further urged that a distinction must here be drawn between the mortgage and the property, and that, to be invulnerable, this title should have read, "An act concerning chattel mortgages and chattel mortgaged property." The contention is rather interesting than instructive. It would exclude from "An act concerning public highways" everything passing over a highway, and from "An act concerning promissory notes" the consideration mentioned therein. The proposition requires for its support that "ingenious reasoning" and "superior rhetoric" mentioned by Chief Justice Helm in the Breene case.

2. It is said that the information charges an offense under section 16 of the Act only; that the proof was under section 15 (or a statute identical therewith which was repealed by said chapter 43) and that the instructions were confusing as to the two. The charge in each count includes a "transfer" contrary to the terms of the mortgage. Both the undisputed sale and removal were in violation of the terms of the security, and defendant's testimony alone would convict him under said section 16. The instructions cover a "transfer" without the notice required by said section 15 (which notice was in dispute in the evidence), but not such transfer without the written consent required by said section 16, which absence of written consent was admitted. Hence the error, if any there be, is in favor of defendant.

3. It must be borne in mind that what we here say concerning the sufficiency of the description of the hogs ("90 head stock hogs, different ages & sizes & breeds") is limited solely to the question as it arises in a criminal prosecution for the illegal sale of property covered by a chattel mortgage. It has no relation to the question of the sufficiency of description where the rights of third parties are involved. The purpose of the act is to make it a criminal offense for a debtor who, while enjoying the benefit obtained from a pledge of his property, knowingly deprives

his creditor of the benefit of that pledge by a transfer of the property without the creditor's consent.

The meaning of the act is unmistakable and no microscopic distinctions are to be drawn to nullify it. That the mortgagee could not himself, guided solely by the description, select from defendant's herd of 110 hogs the identical 90 covered by his mortgage is not material. Assuming that in the face of this description defendant could, without criminal liability, and without the required notice or permission, sell all but 90 of the herd, he then knew, without selection or suggestion, that the remainder were subject to the claim of the mortgagee. The debt was still unpaid and the lien in force. No necessity existed for selection by the creditor. Defendant had usurped that function for it. No doubt could exist in the mind of anyone as to the remainder of the herd. Defendant had reached the limit of immunity. Every animal thereafter transferred, contrary to the provisions of said sections 15 and 16, invoked the specified penalty, and defendant sold all. There might be merit in his contention only had he limited his sales to 20 head, or the difference between the number mortgaged and the total herd. As between the parties every animal sold by defendant in excess of this difference was included in the security. Thus far both parties could not only identify the property, but neither could by any possibility err.

"As between the immediate parties to the mortgage a specific and particular description of the several articles mortgaged, to identify them from other like articles of the mortgagor, is not necessary." *Leighton v. Stuart,* 19 Neb. 546, 26 N. W. 198.

"As between the parties a description of the property mortgaged is sufficient if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty, what property is subject to his lien." 11 Corpus Juris, sec. 78 p. 456.

An insufficient description is good as between the parties, where they have agreed what property is covered by

it: *Zinn v. Denver Commission Co.,* 68 Colo. 274, 187 Pac. 1033.

4. Certain questions were put to the bank's agent concerning its sale of a portion of the property covered by the mortgage. Objection thereto was sustained by the court. That ruling is assigned as error. No offer was made to show that the seizure and sale (if such there was) was without the consent of the mortgagor, nor was any offer made to show that such property (if so taken and sold) would have been sufficient to discharge the indebtedness, hence the ruling was correct.

It may be admitted in conclusion that these statutes are extremely harsh, that it often occurs that both parties to a mortgage overlook them entirely, and sales are made on oral permission in the utmost good faith. Indeed instances are rare of conviction secured, however unquestioned the violation of the strict terms of the statute, where the evidence discloses a probability of oral permission or innocent purpose. The remedy is, however, for the legislature, not for the courts.

Finding no substantial error in this record the supersedeas is denied and the judgment affirmed.

## On Rehearing.

PER CURIAM:

Counsel for plaintiff in error contends that having in his brief in support of his application for a supersedeas requested oral argument, it was error for the court to affirm the judgment without granting that request. The right of oral argument is governed by our rules under the power conferred by chapter 121, S. L. 1913. Rule 54 provides:

"Whenever a supersedeas is denied, the court, in its discretion, may affirm or reverse the judgment."

And Rule 42 provides:

"Oral arguments * * * will not be permitted on applications for supersedeas * * *."

The objection is not well taken. The rehearing is denied.