## No. 11,523.

### JOHNSON v. THE PEOPLE.

Decided May 3, 1926.  Rehearing denied May 24, 1926.

Plaintiff in error was convicted of possessing and operating a still.

*Affirmed.*

*On Application for Supersedeas.*

1.  CONSTITUTIONAL LAW—*Intoxicating Liquor—Still.*  The Still Act of 1925 does not violate section 21, article 5, of the Colorado Constitution.

2.  STATUTES—*Amendment—Constitutional Law—Still.*  The Still Act of 1925 does not violate section 24, article 5, of the Colorado Constitution concerning amendments by title, not being within the purview of that constitutional provision.

3.  CRIMINAL LAW—*Intoxicating Liquor—Still.* One who owns one still, possesses another, and operates another, or who owns at one time, possesses at another and operates at another, is guilty of three separate offenses.

4.      *Election by State.* A motion to elect is addressed to the sound discretion of the trial court, and even where the charges are contained in separate counts, the motion should not be sustained if the counts relate to the same transaction.

5.      *Instructions—Appeal and Error.* A conviction will not be reversed for the giving of an erroneous instruction, if the error is entirely without prejudice to the defendant.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. WILLIAM T. BURRIS, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced to the penitentiary for two to three years on a verdict of guilty of possessing and operating a still. To review that judgment he brings error and the cause is now before us on his application for supersedeas.

Of the questions raised by the thirteen assignments of error we think the following only worthy of consideration: (1) Does the Still Act of 1925, under which this information was filed, violate section 21, article V, of the Constitution? (2) Does it violate section 24 of the same article? (3) Should defendant's motion to require the people to elect have been sustained? (4) Was instruction No. 3 erroneous?

1.   This question involves the sufficiency of the title of chapter 80, p. 220, L. 1925. It was answered in the negative in *Roark v. People,* 79 Colo. 181, 244 Pac. 909, and need not be re-examined. The act, including its title, is set out in full in that opinion.

2.   Said section 24, article V, reads: "No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length."

Section 3701, C. L. 1921, reads in part: "No person, association or corporation shall, within this state, manufacture for sale or gift any intoxicating liquors;"

Section 3722, Id., makes a first violation of the foregoing a misdemeanor. The position of counsel for defendant is that the act of 1925, which makes the ownership, possession or operation of a still "designed or intended for the manufacture of intoxicating liquor" a felony, amends and extends said sections 3701 and 3722. With this contention we are unable to agree. One may own, possess, or operate a still "designed or intended for the manufacture of intoxicating liquor" without in fact manufacturing any intoxicating liquor, and he may manufacture intoxicating liquor without in fact owning, possessing or operating a still. But the best reason why the objection here under consideration is not good is because such a change in the law as that effected by the passage of the act of 1925 is not within the purview of said section 24, article V, of the Constitution, as fully set forth in *Denver Circle R. Co. v. Nestor,* 10 Colo. 403, 15 Pac. 714.

3.   The information was in a single count. It charged that defendant did "own, operate and have in his possession a still used, designed and intended for the manufacture of intoxicating liquor." Defendant moved to require the people to elect, because "he does not know of which of these offenses he is charged." He must have

known. He was told by the information that he was charged with all three. The charges were based on a single transaction and he was found guilty of possessing and operating. Had he owned one still, possessed another and operated another, or owned at one time, possessed at another, and operated at another, he would have been guilty of three separate offenses. If at a single time and place he owned, possessed and operated, or possessed and operated, or owned and possessed, he was guilty of but one. A motion to elect is addressed to the sound discretion of the trial court. *Roberts v. People,* 11 Colo. 213, 215, 17 Pac. 637. Even where the charges are contained in separate counts the motion will not be sustained if the counts relate to the same transaction. *Kelly v. People,* 17 Colo. 130, 133, 29 Pac. 805. This motion was properly overruled.

4. It was established by the prosecution, and is undisputed, that officers went to defendant's home, knocked, were invited to enter, found a still in his bathroom in operation, a fire lighted under it, distilled liquor running from the coil, approximately one hundred gallons of mash and other equipment in an adjoining room, and that defendant admitted he was the owner of the still.

No evidence was offered by defendant. He objected to the giving by the court of instruction No. 3. The overruling of that objection is assigned as error and that assignment most strenuously argued by his counsel. The instruction reads:

"The court instructs the jury that if you find from the evidence to your satisfaction beyond a reasonable doubt that the defendant in this case, on or about the 16th day of January, 1926, at the county of Pueblo, Colorado, either owned or possessed or operated a still used, designed or intended for the manufacture of intoxicating liquors, in either such event, you will find the defendant guilty of owning, possessing and operating a still, in manner and form as charged in the information.

"If you fail to find from the evidence beyond a reasonable doubt that the defendant owned, possessed and operated a still, used, designed and intended for the manufacture of intoxicating liquor, then you will find the defendant not guilty."

Strictly speaking both paragraphs of this instruction are technically erroneous. If the jury found the defendant "either owned *or* possessed *or* operated" that would not justify a verdict of guilty of "owning *(and)* possessing *and* operating." If the jury failed to find that defendant "owned *(and)* possessed *and* operated" that would not justify a verdict of not guilty if they found that he either owned *or* possessed *or* operated. The first error was against him, the second in his favor. But as he was overwhelmingly proven guilty of owning, *and* possessing *and* operating, and the verdict was guilty only of possessing and operating, and as there was a single charge, a single conviction and sentence for but one offense, the error was entirely without prejudice and furnishes him no cause of complaint. We find no possible excuse for a reversal.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE SHEAFOR not participating.