No. 13,174.

COLE ET AL. *v.* THE PEOPLE.
(18 P. [2d] 470)

Decided January 7, 1933. Rehearing denied January 30, 1933.

Mr. JOHN G. ABBOTT, Mr. WILLIAM P. KAVANAGH, Mr. FRANK L. HAYS, Mr. THOMAS H. GIBSON, for plaintiffs in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. WALLACE S. PORTH, Assistant, for the people.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

FRED H. Cole, Sr., Alfred Itten and M. I. Stebbins, called herein the defendants, were found guilty of violating the banking laws and were sentenced to confinement in the penitentiary. They seek a reversal of the sentence.

Section 40, page 127, Session Laws of 1913, being section 2676 of the Compiled Laws, and section 85 of said act, being section 2740, Compiled Laws, as amended by Session Laws of 1927, page 207, make it a crime for any officer, director or employee of a bank to receive, or to assent to the reception of, a deposit of money or other

valuable thing by the bank, with knowledge of the fact that the bank is insolvent.

1. Counsel for the defendants say that the act of 1913, supra, is void because it attempts to create a new felony, and that that subject is not mentioned in the title. They rely upon section 21, article 5, of the state Constitution, which requires the subject of an act to be clearly expressed in its title. The act is entitled "An act relating to banks and bankers." The title is general in its terms. We have said that, "In the title particularity is neither necessary nor desirable; generality is commendable." *Driverless Car Co. v. Armstrong,* 91 Colo. 334, 14 P. (2d) 1098; *Edwards v. Denver & R. G. R. Co.,* 13 Colo. 59, 21 Pac. 1011. In *Lowdermilk v. People,* 70 Colo. 459, 202 Pac. 118, the title of the act in question is "An act concerning chattel mortgages," and we held that it covers a provision making a mortgagor guilty of larceny if he should sell or transfer the mortgaged property without complying with certain specified requirements. And see *Broadbent v. McFerson,* 80 Colo. 264, 250 Pac. 852. In *Italia America Shipping Corporation v. Nelson,* 323 Ill. 427, 154 N. E. 198, the act in question was entitled "An act in relation to the buying and selling of foreign exchange and the transmission or transfer of money to foreign countries." Among other things, the act imposed a penalty of fine or imprisonment in the penitentiary, or both. It was contended that the act created a new crime, and that, as that subject was not covered by the title, the penal provision was void under a constitutional provision similar to ours. That contention was not sustained. The court said: "The constitutional provision in question has been uniformly construed liberally in favor of the validity of enactments. To render a provision in the body of an act void as not embraced in the title such provision must be incongruous with the title or must have no proper connection with or relation to the title. * * * If all the provisions of an act relate to one subject indicated in the title and are

parts of it or incident to it or reasonably connected with it or in some reasonable sense auxiliary to the object in view, then the provision of the constitution is obeyed. The word 'subject,' as used in the constitution, signifies the basis or principal object of the act. It may contain many objects growing out of and germane to it. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane and properly included in the law, and the law will not, by reason of such inclusion, be rendered unconstitutional as embracing more than one subject. * * * While the word 'regulate' is not found in the act, a perusal of the act shows that the purpose of the act is to regulate the business of buying and selling foreign exchange and the transmission or transfer of money to foreign countries, and that as such regulatory measure it could not be made effective without the imposition of a penalty for a failure to comply with its provisions.''

The penal provision in the act of 1913, supra, is germane to the general subject expressed in the title, ''An act relating to banks and bankers,'' is relevant and appropriate to such title, and therefore is covered by the title.

2. It is contended, also, that the act of 1913 attempts to create a new crime; that such crime can be created only by amendment of the Criminal Code, and that the act does not purport to be an amendment of that Code. To sustain their position, counsel rely upon *People v. Clark*, 301 Ill. 428, 134 N. E. 95. But, as we have seen, in the later Illinois case of *Italia America Shipping Corporation v. Nelson, supra*, a crime was created by an act that did not purport to be an amendment of the Criminal Code, and the penal provision in that act was upheld.

We cannot assent to the proposition that a new crime may be created only by amendment of the Criminal Code. We have many cases in this state where statutes creating crimes otherwise than by amendment of the Criminal

Code have been upheld. It is not necessary to cite all of them; the following will suffice: *Clare v. People,* 9 Colo. 122, 10 Pac. 799; *Harding v. People,* 10 Colo. 387, 15 Pac. 727; *In re Pratt,* 19 Colo. 138, 34 Pac. 680; *Cardillo v. People,* 26 Colo. 355, 58 Pac. 678; *Gothard v. People,* 32 Colo. 11, 74 Pac. 890; *Smith v. People,* 32 Colo. 251, 75 Pac. 914; *Trozzo v. People,* 51 Colo. 323, 117 Pac. 150; *Cavanaugh v. People,* 61 Colo. 292, 157 Pac. 200; *Pearman v. People,* 64 Colo. 26, 170 Pac. 192; *Martin v. People,* 69 Colo. 60, 168 Pac. 1171; *Roark v. People,* 79 Colo. 181, 244 Pac. 909; *Johnson v. People,* 79 Colo. 439, 246 Pac. 202; *Lowdermilk v. People,* 70 Colo. 459, 202 Pac. 118. While the specific objection made here was not passed upon in those cases, the penal provisions of the acts there in question were held to be properly in the acts and were declared to be valid and enforceable.

In our opinion, the penal provision in the act under consideration is valid and enforceable, and the objection urged against it is untenable.

3. Another contention is that the information "is too uncertain, inconsistent and repugnant to inform the defendants of the nature and cause of the accusation or to support a judgment." In support of such contention, it is said that the information charges two separate and distinct crimes: (1) Receiving a deposit with knowledge of the bank's insolvency, which is made a crime by the act of 1913, supra; and (2) larceny, which is not mentioned in that act.

The information follows the one involved in *Robertson v. People,* 20 Colo. 279, 38 Pac. 326. That case was decided under Session Laws of 1885, page 50, which provided that an officer, etc., of a bank who should receive, etc., a deposit, knowing the bank to be insolvent, should be deemed guilty of larceny. In the act of 1913, supra, such conduct is made a substantive crime; there is no reference to larceny. The information charges that the defendants, being officers, etc., of the Union State Bank of Yuma, knowing the bank to be insolvent, did felon-

iously, etc., receive, and assent to the reception of, a certain deposit of money and bank checks, "and so," the said defendants, "in the manner and form aforesaid," did "then and there" feloniously, etc., "steal, take and carry away" the money and other valuable things of the depositor. The information does not charge two crimes. It correctly charges conduct that the act of 1913 declares to be a crime, and then mistakenly alleges, in substance, that by so doing the defendants committed larceny. The legal conclusion that such conduct constitutes larceny is erroneous, of course, but the allegation did not—indeed, it could not—mislead the defendants. The allegation has no proper place in the information, but its insertion did not tend to prejudice the substantial rights of the defendants on the merits, and therefore is no ground for the reversal of the judgment. C. L. §7103. The trial court properly rejected it as surplusage.

4. The situation discussed in paragraph 3 is made the basis of objection to certain of the instructions and to the verdict of the jury. The views expressed in paragraph 3 sufficiently answer such objection. The objection is without merit.

5. There are other assignments, but it is not necessary to discuss them in this opinion. The matters complained of are wholly insufficient to warrant a reversal. We find no reversible error in the record.

The judgment is affirmed.