### COLE v. VAN HORN, Sheriff. *
### STEBBINS v. SAME.
#### Nos. 908, 920.

Circuit Court of Appeals, Tenth Circuit.

Nov. 16, 1933.

*Rehearing denied December 22, 1933.

Frank L. Hays and Thomas H. Gibson, both of Denver, Colo. (Wm. P. Cavanaugh and John G. Abbott, of Yuma, Colo., on the brief), for appellants.

Roy T. Johnson, of Sterling, Colo., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

An information was filed in the District Court of Yuma county, Colo., charging appellants and others with a criminal offense, the material part thereof being in the following language:

"That Fred H. Cole, Sr., Alfred Itten, H. E. Woolsey, M. I. Stebbins and M. M. Dickson and each of them, late of the County of Yuma and State of Colorado, on or about the 20th day of October in the year of our Lord one thousand nine hundred and thirty-one at and within the County and State aforesaid being then and there officers and directors of The Union State Bank of Yuma, Colorado, a bank duly incorporated, organized and existing under and by virtue of the laws of the State of Colorado and carrying on a general banking business in the Town of Yuma in the County of Yuma and State of Colorado, did then and there fraudulently, knowingly and feloniously receive and assent to the *receiption* of a certain deposit of money, to-wit, the sum of $21.79 in money, of the value of $21.79 and a certain deposit in bank checks, to-wit:" (A description of the several checks enumerated is omitted here.) "The said The Union State Bank of Yuma, Colorado, a banking corporation, being then and there insolvent and that they, the said Fred H. Cole, Sr., Alfred Itten, H. E. Woolsey, M. I. Stebbins, M. M. Dickson, and each of them, at the time and before the reception of the deposit had full knowledge of the fact that the said The Union State Bank of Yuma, Colorado, a banking corporation, was insolvent; and so the said Fred H. Cole, Sr., Alfred Itten, H. E. Woolsey, M. I. Stebbins and M. M. Dickson and each of them in the manner and form aforesaid then and there did wilfully, unlawfully and feloniously steal, take and carry away the money and other valuable things of the said The Equity Cooperative Oil Company, a corporation, of the total value of $59.64 as aforesaid, contrary to the form of the Statute in such case made and

provided, and against the peace and dignity of the same People of the State of Colorado."

Following their conviction by a jury, appellant Cole was sentenced to a term of not less than five nor more than seven years in the state penitentiary and appellant Stebbins received a like sentence of not less than three nor more than five years. They appealed the case to the Supreme Court of Colorado and it was affirmed. Cole v. People, 92 Colo. 145, 18 P. (2d) 470, 471. A mittimus thereupon issued and respondent took appellants into his custody for the purpose of conveying them to the penitentiary to serve the respective sentences. They then instituted this proceeding in habeas corpus to obtain their release. The trial court denied the writ.

Appellants urge that they are unlawfully restrained in violation of their constitutional rights because they were tried, convicted, and sentenced and the mittimus issued for the offense of receiving or assenting to the reception of deposits of money and other things of value in the Union State Bank of Yuma, knowing such bank to be insolvent, in violation of sections 40 and 85 of c. 44, pp. 116, 127, 137, Session Laws of 1913 (section 2676 and section 2740, as amended by Laws 1927, p. 207, § 17, respectively, Compiled Laws of Colorado), while the information failed to charge them with that offense; that instead, it charged them with another crime, that of larceny under an entirely different statute.

They contended in the Supreme Court of Colorado that the information was too uncertain, inconsistent, and repugnant to inform them of the nature of the accusation, because it charged two separate and distinct crimes, the first being that of receiving a deposit with knowledge of the bank's insolvency in violation of the Act of 1913, and the second being that of larceny, a crime not mentioned in that act. The court held that the information was sufficient to charge an offense under the statute of 1913. It said:

"The information follows the one involved in Robertson v. People, 20 Colo. 279, 38 P. 326. That case was decided under Session Laws of 1885, page 50, which provided that an officer, etc., of a bank who should receive, etc., a deposit, knowing the bank to be insolvent, should be deemed guilty of larceny. In the act of 1913, supra, such conduct is made a substantive crime; there is no reference to larceny. The information charges that the defendants, being officers, etc., of the Union State Bank of Yuma, knowing the bank to be insolvent, did feloniously, etc., receive, and

assent to the reception of, a certain deposit of money and bank checks, 'and so,' the said defendants, 'in the manner and form aforesaid,' did 'then and there' feloniously, etc., 'steal, take and carry away' the money and other valuable things of the depositor. The information does not charge two crimes. It correctly charges conduct that the act of 1913 declares to be a crime, and then mistakenly alleges, in substance, that by so doing the defendants committed larceny. The legal conclusion that such conduct constitutes larceny is erroneous, of course, but the allegation did not, indeed it could not, mislead the defendants. The allegation has no proper place in the information; but its insertion did not tend to prejudice the substantial rights of the defendants on the merits, and therefore is no ground for the reversal of the judgment. C. L. § 7103. The trial court properly rejected it as surplusage."

The argument advanced here is divided into several parts which, in their finality, resolve themselves into the question thus presented to the Supreme Court of Colorado and determined adversely to appellants. It is not contended that the District Court of Yuma county lacked jurisdiction of the subject-matter of a case appropriately charging a violation of the Act of 1913, or that of the crime of larceny. No question touching jurisdiction of the accused is involved. On the contrary, it is urged that the information charged the latter offense while the trial and conviction were for the former. But the decision of the Supreme Court of the state foreclosed that question to them. It is well settled that the sufficiency of an indictment or information in a state court is a matter for the court of the state to determine. Their determination is final and in the absence of a denial of equal protection of the laws, it will not be reviewed by the courts of the United States. Caldwell v. Texas, 137 U. S. 692, 11 S. Ct. 224, 34 L. Ed. 816. The facts in Bergemann v. Backer, 157 U. S. 655, 15 S. Ct. 727, 728, 39 L. Ed. 845, were that Bergemann was convicted of murder in the first degree. Being in custody of the sheriff, awaiting the time fixed for his execution under the sentence of death, he applied to the Circuit Court of the United States for the Eastern District of New Jersey for a writ of habeas corpus, alleging that the indictment did not charge him with that offense; that it charged him with murder in the second degree; that he was charged with one offense and convicted of another; that he had applied unavailingly to all of the courts in the state having jurisdiction in the premises; that his conviction and sentence denied

him equal protection of the laws. The writ was denied. The court said:

"The application for the writ of habeas corpus was properly denied. The court of Oyer and Terminer had jurisdiction both of the offense charged and of the accused. Rev. Stats. N. J. [1877] p. 272, § 30.

"Whether the indictment sufficiently charged the crime of murder in the first degree was for that court to determine."

In Moore v. Missouri, 159 U. S. 673, 16 S. Ct. 179, 181, 40 L. Ed. 301, it was said:

"It is further urged by plaintiff in error that the crimes of burglary in the first degree and burglary in the second degree were so distinct and separate that plaintiff in error was not sufficiently informed of the nature and cause of the accusation against him by the indictment for burglary in the first degree, and was in fact convicted under what was, in effect, no indictment at all, and therefore denied due process of law. It is true that, in order to a conviction for a minor offense, it must be an ingredient of the major and substantially included in the offense charged in the indictment, but it is clearly a matter for the state courts to determine whether in a given case an indictment is sufficient in that regard."

The sufficiency of the information was a question for the courts of Colorado. They have determined it adversely to appellants. Under such circumstances, the question cannot be reviewed by the courts of the United States in a habeas corpus proceeding. The trial court correctly denied the writ and the judgment is affirmed.