No. 16,896.

IN RE INTERROGATORIES BY THE GOVERNOR.
(245 P. [2d] 1173)

Decided June 26, 1952.

Appearances: Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy.

MR. JUSTICE ALTER delivered the opinion of the court.

HIS Excellency Dan Thornton, Governor of the State of Colorado, on June 17, 1952, availed himself of the provisions of section 3, article VI of the Constitution of the State of Colorado and seeks our opinion on certain written questions.

Prefacing the questions, our attention is called to section 23 of House Bill 118, enacted by the Thirty-eighth General Assembly, wherein an appropriation of $56,-756.00 is made to the State Civil Service Commission of the State of Colorado for the payment of salaries and expenses for the fiscal year beginning July 1, 1952. The State Civil Service Commission itself has determined that this appropriation is wholly inadequate and that "its work program, allotment and staffing pattern" for the fiscal year requires the expenditure of $119,059.50. It is stated that the Commission takes the position that under the provisions of section 13, article XII of the Constitution it is empowered to determine the adequacy of its own appropriations necessary to carry out its duties and in the absence of an adequate legislative appropriation it may nevertheless cause the payment of its salaries and expenses in excess of the legislative appropriation to be by warrant drawn against General Fund. In this connection our attention is directed to the last paragraph in section 13, supra, reading: "Adequate appropriations shall be made to carry out the purposes of this section and in the absence of such adequate appropriations the salaries and expenses of the commission shall be paid as are the salaries and expenses of the executive officers of the state government."

Our attention also is directed to section 33, article V of the Constitution, which reads: "No money shall be paid out of the treasury except upon appropriations made by law, and on warrant drawn by the proper officer in pursuance thereof."

Further, prefacing the questions, our attention is called to sections 3 (c) and 3 (m), chapter 118, Session Laws of Colorado 1947; and also to section 17, article II, chapter 2, Session Laws of 1941, wherein we find that, not later than June 1st of each year the governor is charged with certain duties with reference to the work program for the ensuing fiscal year, and under this section he is authorized to revise, alter or change the requested allot-

ments with reference to the work program, and therein it is provided, inter alia: "* * * The aggregate of such allotments shall not exceed the total appropriations or other funds from any source whatsoever made available to said department, institution or agency for the fiscal year in question."

Our attention also is directed to section 5 (e), chapter 2, article I, Session Laws of Colorado 1941, providing for the suspension or discontinuance in whole or in part of the functions or services of any department when it shall appear that there are insufficient revenues available to carry on the functions of the department.

We are advised that, if the State Civil Service Commission is limited by the legislative appropriation for the fiscal year beginning July 1, 1952, it will be necessary for it to curtail its work program and reduce its personnel in order to bring those expenditures within the legislative appropriations, and it is further stated that the Attorney General has advised the Governor with reference to the legal matters herein involved and as a result thereof "there is grave doubt as to the power of the Governor to approve the work program submitted by the State Civil Service Commission for the fiscal year beginning July 1, 1952, for the reason that such program requires an expenditure of money from the state treasury in excess of the amount appropriated by the legislature for the salaries and expenses of the Commission for said fiscal year."

We also are advised by the Governor that by reason of the provisions of section 33, article V of the Constitution, and the provisions of chapter 118, Session Laws of Colorado 1947, to which attention is hereinbefore directed, "the Controller and State Treasurer will not draw or honor warrants in excess of the legislative appropriation made by Section 23 of said House Bill No. 118 unless authorized and instructed so to do by this Honorable Court, * * * ."

Upon inquiry we are advised that said House Bill No.

118 was passed by the House of Representatives on third reading on February 5, 1952; by the Senate on February 8, 1952; approved by the Governor on March 8, 1952, and it is apparent to us that the situation in which the State Civil Service Commission finds itself with reference to its appropriation became apparent at the time of or shortly after the enactment of said house bill, and we are not advised when the work program for the ensuing fiscal year was submitted by said State Civil Service Commission to the State Budget and Efficiency Commissioner as provided by section 17, article II, chapter 2, Session Laws of Colorado 1941, but in compliance with the statute, section 17, article II, chapter 2, we presume before June 1, 1952.

The questions propounded are:

"1. Do the provisions of Section 13, Article XII of the Constitution of the State of Colorado, empower the State Civil Service Commission to determine that an appropriation to carry out the purposes of said Section 13 is inadequate?

"2. If the answer to the first question is in the affirmative and the State Civil Service Commission determines an appropriation to be inadequate to carry out the purposes of Section 13, Article XII, Constitution of Colorado, do the provisions of said Section 13 empower the Commission to determine the amount which it deems adequate for the salaries and expenses of the Commission?

"3. If the answer to the second question is in the affirmative and the State Civil Service Commission declares an appropriation to be inadequate to carry out the purposes of Section 13, Article XII of the Constitution of Colorado, and determines the amount which it deems adequate, do the provisions of Section 13 authorize the payment of such amount out of the treasury of the State of Colorado, irrespective of the fact that such amount, or any part thereof, may not have been made available by legislative appropriation pursuant to the requirements of Section 33, Article V of the Constitution of Colorado?

"4. If the answer to the third question is in the affirmative, is such payment from the state treasury authorized to be made in the same manner as are the salaries and expenses of the executive officers of the state government?

"5. If the answer to the third question is in the affirmative, is the State Civil Service Commission subject to the provisions of Section 17, Article 2, Chapter 2, Session Laws of Colorado, 1941, save and except the provisions thereof which forbid the aggregate of allotments to be in excess of total appropriations by the legislature for the fiscal year in question.

"6. Is the State Civil Service Commission exempt from the provisions of Section 5 (e), Chapter 2, Session Laws of Colorado, 1941?"

Section 3, article VI of the Constitution was amended at the general election on November 2, 1886, Session Laws of Colorado 1887, page 483, and under that amendment the Governor was authorized to request our opinion "upon important questions upon solemn occasions." It will be observed that in order to answer the questions propounded we would be obliged to construe at least three sections of the Constitution and at least four sections of statutes, all as cited herein. As we conceive the purpose of the amendment to our Constitution, it was not the intention to authorize an ex parte adjudication by means of executive questions; parties must still have their rights determined in the regular course of judicial proceedings. Here it should be observed that an answer to the questions propounded by the Governor would not be a judicial determination binding upon the State Civil Service Commission or any of the state officials, for it, and they, are not parties to this proceeding. They have had no opportunity to present their cause, nor can we now anticipate their presentation and arguments in support thereof.

Here it appears that there is a conflict between the specified constitutional provisions themselves as well as

between the constitutional and statutory provisions, and a possible conflict between the statutory provisions, presenting a most difficult problem of constitutional and statutory construction requiring exhaustive research and most careful consideration.

The questions propounded by the Governor may all be the subject of litigation in which the parties to be affected will be afforded ample opportunity of presenting their causes, and then, and not until then, will it be our duty, on requested review, to give these important constitutional and statutory questions our exhaustive research and study.

While here the Governor is first to judge the relative importance and solemnity which justifies submitting these questions, it has been uniformly held in this jurisdiction that our court must decide whether or not it should exercise jurisdiction and answer questions propounded to it under the provisions of section 3, article VI of the Constitution.

We consider it to be our duty to decline to answer the questions, and respectfully suggest the propriety of withdrawing the same.