**In Re Interrogatory Propounded by Governor Roy Romer on HOUSE BILL NO. 1353.**

**No. 87SA195.**

Supreme Court of Colorado, En Banc.

June 11, 1987.

Douglas G. Brown, Denver, for amicus curiae Colorado Gen. Assembly.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Denver, for amicus curiae Atty. Gen. for Colorado.

Vonda G. Hall, Denver, for amicus curiae Colorado Ass'n of Public Employees.

Miles, McManus, Epstein, Frederick Miles, Denver, for amicus curiae Colorado Health Care Ass'n.

Fairfield and Woods, P.C., George C. Keely, Craig A. Umbaugh, Denver, for amicus curiae Colorado Bankers Ass'n.

PER CURIAM.

The Governor of the State of Colorado has submitted an interrogatory to this court asking us to decide whether House Bill No. 1353, enacted by the Fifty-Sixth General Assembly, violates the first clause of Article V, Section 21, of the Colorado Constitution, which provides that no bill, except general appropriation bills, shall be passed containing more than one subject.[1] We conclude that House Bill No. 1353 contains more than one subject in violation of that requirement and therefore is unconstitutional.

Article VI, Section 3, of the Colorado Constitution includes the provision that the Colorado Supreme Court shall give its opinion upon important questions upon solemn occasions when required by the governor. Pursuant to this section, Hon. Roy Romer, Governor of the State of Colorado, submitted the following interrogatory to this court:

Is House Bill No. 1353 titled "Concerning An Increase In The Availability Of Moneys To Fund Expenditure Priorities For

---

1. The governor submitted the interrogatory on May 26, 1987. On May 27, 1987, we agreed to answer it. The briefs of amici curiae The Colorado General Assembly and the Attorney General for Colorado advise us that House Bill No. 1353 became law without the signature of the governor on June 1, 1987, after we agreed to answer the interrogatory. *See* Colo. Const. art. IV, § 11.

The 1987 Regular Session Of The General Assembly Through Reallocation Of Funds, Program Cuts, Expenditure Reductions, Use Of Revenue From Unclaimed Property, And Increases In Fees" unconstitutional under Article V, Section 21 of the Constitution of the State of Colorado requiring that "no bill ... shall be passed containing more than one subject ..."?

(Omissions in original.) This court determined that the question was suitably important and otherwise proper, and therefore agreed to exercise jurisdiction and answer the interrogatory. *See In re Interrogatories by The Governor,* 126 Colo. 48, 53, 245 P.2d 1173, 1175 (1952). We granted permission to all interested persons to file briefs concerning the governor's interrogatory. The Colorado General Assembly and the Attorney General for Colorado, among others, have submitted briefs as amici curiae, and we have considered those briefs in resolving the question before us.

Article V, Section 21, of the Colorado Constitution provides:

*No bill, except general appropriation bills, shall be passed containing more than one subject,* which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.

(Emphasis added.) The governor, by his interrogatory, asks us to determine only whether House Bill No. 1353 contains more than one subject in contravention of Article V, Section 21. We confine our response to that narrow issue.

■ The requirement that a bill be limited to a single subject serves the beneficent purpose of making each legislative proposal depend upon its own merits for passage. *Catron v. Board of County Commissioners,* 18 Colo. 553, 557, 33 P. 513, 514 (1893); 1A N. Singer, *Sutherland Statutory Construction* § 17.01, at 2 (4th ed. 1985). It also enables the governor to consider each

single subject of legislation separately and independently in determining whether to exercise his veto power. *See* Colo. Const. art. IV, §§ 11, 12; *Colorado General Assembly v. Lamm,* 704 P.2d 1371, 1383 (Colo.1985) (noting in particular that the governor has item veto power with respect to appropriation bills, the only type of bill that may contain more than one subject). In furtherance of these purposes, the single subject requirement of Article V, Section 21, prohibits the joining in a single act of "disconnected or incongruous matters," *In re Breene,* 14 Colo. 401, 404, 24 P. 3, 3 (1890), or of "subjects having no necessary or proper connection ...," *Catron,* 18 Colo. at 557, 33 P. at 514.

■ In answering the governor's interrogatory, we must consider House Bill No. 1353 in light of the language and purposes of the mandate of Article V, Section 21, that no bill shall be passed containing more than one subject.[2] We also must be mindful of the familiar principle that a statute is presumed to be constitutional and cannot be declared unconstitutional unless that conclusion is established beyond a reasonable doubt. *E.g., Lamm v. Barber,* 192 Colo. 511, 522, 565 P.2d 538, 546 (1977).

■ House Bill No. 1353 is forty-four pages long and contains forty-six sections. It covers such disparate subjects as reduction of state contributions to various state employees' retirement funds, creation of a commission on information management in the department of administration, imposition of a charge against accounts of inmates of the department of corrections for each medical visit, imposition or increase of fees to be charged by various state agencies, addition of a surcharge to be imposed on insurance carriers based upon worker's compensation insurance premiums received, transfer of certain state severance tax moneys to the general fund, extension of the termination date of the joint review process with respect to permits and licenses relating to the development of natural resources, direction to the state personnel

**2.** Article V, Section 21, of the Colorado Constitution excepts "general appropriations bills" from the requirement that bills be limited to a single

subject. House Bill No. 1353 is not a general appropriations bill.

director to use salary and fringe benefit surveys conducted by nonstate agencies to determine comparable rates concerning employees in the state personnel system, revision of the statutory formula for medicaid reimbursements to nursing homes, provision for forfeiture of abandoned intangible property held by banking and financial organizations and for crediting the proceeds to the state, and elimination of state aid for instructional television. We conclude that these diverse and incongruous subjects impermissibly impede achievement of the goal that each legislative proposal be considered on its own merits, and intrude on the governor's ability to exercise the veto power. We hold, therefore, that House Bill No. 1353 violates the single subject requirement of Article V, Section 21, of the Colorado Constitution.

The Colorado General Assembly argues, in its amicus curiae brief, that there is a single subject to which all parts of House Bill No. 1353 pertain, and that is the increase in the moneys available to the state, either through provisions for increasing fees or other income or by requirements for reducing expenditures, for the purpose of providing moneys to fund certain designated expenditure priorities for the 1987 regular session. *See* House Bill No. 1353, § 1.[3] We conclude that this single common feature is not sufficient to qualify the bill as one containing no more than one subject.

House Bill No. 1353 can be analogized to a general appropriations bill in the respect that each contains a number of distinct provisions having monetary impact. A general appropriations bill provides for the appropriation of moneys for numerous, diverse purposes. Similarly, House Bill No. 1353 contains various provisions that would increase the moneys available to the state by augmenting revenue or decreasing expenditures. The Colorado Constitution itself recognizes that a general appropriations bill comprehends multiple subjects and specifically excepts such bills from the single subject requirement of Article V, Section 21. Just as the common characteristic of monetary impact in the various provisions of a general appropriations bill is not sufficient to cause such a measure to be classified as a single subject bill under Article V, Section 21, so is that same feature, common to the various sections of House Bill No. 1353, inadequate to qualify that bill as a measure limited to one subject for purposes of that constitutional provision. *See generally In Re Constitutionality of House Bill No. 168*, 21 Colo. 47, 39 P. 1096 (1895).

Our review of House Bill No. 1353 persuades us that its various sections relate to numerous and diverse subjects that have significance that transcend the common characteristic of financial impact. To identify but a few, the following features of House Bill No. 1353 involve a variety of different subjects: the creation of a commission on information management to oversee strategic planning and set policy for the state's information systems, the imposition of a requirement that prisoners be charged for medical visits, the elimination of the use of salary surveys by the state personnel department to determine comparable pay rates for state employees, the repeal of the statute entitling old age pensioners to receive additional payments during the winter months to defray increased heating expenses, the amendment of the statute for medicaid reimbursement to nursing homes, and the provisions for disposition of intangible property held by banking and financial institutions and for credit of the proceeds to the state. The mere recitation of these provisions is sufficient to demonstrate that House Bill No. 1353 embraces such a diversity of subjects as to compel the conclusion that this legislation violates the single subject requirement of Article V, Section 21, of the Colorado Constitution. Indeed, it would strain logic to conclude that the matters encom-

**3.** Section 1 of House Bill No. 1353 contains a legislative determination that the bill comports with the single subject requirement of Article V, Section 21, of the Colorado Constitution and decisions of this court interpreting that require-
ment. Of course, that legislative conclusion does not bind this court in performing its function as the ultimate interpreter of the Colorado Constitution, and the General Assembly does not contend that it does.

passed by House Bill No. 1353 are necessarily or properly connected to each other, *see Catron,* 18 Colo. at 557, 33 P. at 514, rather than disconnected or incongruous, *see In re Breene,* 14 Colo. at 404, 24 P. at 3.[4]

We determine that House Bill No. 1353 is unconstitutional under Article V, Section 21, of the Colorado Constitution requiring that no bill, except general appropriations bills, shall be passed containing more than one subject.

---

**4.** We have considered challenges to bills on many occasions on the ground of noncompliance with Article V, Section 21, of the Colorado Constitution. The great majority, however, have focused principally on the sufficiency of the title to describe the contents of the bill. *See, e.g., Goldberg v. Musim,* 162 Colo. 461, 427 P.2d 698 (1967); *California Co. v. Colorado,* 141 Colo. 288, 348 P.2d 382 (1959); *Gordon v. Wheatridge*

*Water District,* 107 Colo. 128, 109 P.2d 899 (1941); *Titus v. Titus,* 96 Colo. 191, 41 P.2d 244 (1935); *Lowdermilk v. People,* 70 Colo. 459, 202 P. 118 (1921); *Town of Sugar City v. Board of Commissioners,* 57 Colo. 432, 140 P. 809 (1914); *People ex rel. Colorado Bar Association v. Erbaugh,* 42 Colo. 480, 94 P. 349 (1908); *Brown v. Elder,* 32 Colo. 527, 77 P. 853 (1904).