R. J. & D. F. Petty *et al. v.* Phœnix Cotton Oil Co.*

(*Jackson.* April Term, 1924.)

1. **STATUTES.** Sales Act not invalidated because body excepts sales not excepted in title.

Pub. Acts 1919, chapter 118, section 4, subsec. 1, entitled "An act regulating sales of goods and to make uniform the law of sales of goods," is not invalidated because body of act excepts sales under $500; title being sufficient. (*Post, pp.* 295, 296.)

Acts cited and construed: Pub. Acts 1919, ch. 118, sec. 4, subsec. 1.

Case cited and approved: Swift & Co. v. Haley, 142 Tenn., 390.

2. **STATUTES.** Sales Act not invalidated because dealing with negotiable paper and attachments.

Pub. Acts 1919, chapter 118, is not invalidated because the act deals with negotiable documents of title and precedence of holders over attaching creditors; such matters being germane to the subject of sale of goods. (*Post, p.* 296.)

3. **STATUTES.** Manner of enforcement of statute may be embraced in .body, though not stated in title.

Where subject of a statute is sufficiently stated in the title, manner of its enforcement, administration, or accomplishment may be embraced in its body, though not recited in title. (*Post, pp.* 296, 297).

Cases cited and approved: State v. Yardley, 95 Tenn., 553; State v. Brown, 103 Tenn., 4566; Peterson v. State, 104 Tenn., 131; Railroad v. State, 110 Tenn., 617; Railroad v. Byrne, 119 Tenn., 299; Knoxville v. Gass, 119 Tenn., 438; Rhinehart v. State, 121 Tenn., 434; State ex rel. v. Persica, 130 Tenn., 55.

4. **STATUTES.** Generality of title no objection.

Generality of title of statute is no objection to it, so long as it is not a cover for legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary connection with the subject expressed in body of the act. (*Post, p.* 297.)

Petty v. Phoenix Cotton Oil Co.

Case cited and approved: Cannon v. Mathes, 55 Tenn., 519.

5. **STATUTES.** Constitution complied with, if subject-matter is germane to that expressed in title.

So long as subject-matter of body of act is germane to that expressed in title, there is obedience to mandate of Constitution, whether body enlarges or restricts title. (*Post, p.* 297.)

Cases cited and approved: Garvin v. State, 81 Tenn., 162; Railroad v. Byrne, 119 Tenn., 299.

Case cited and distinguished: House v. Creveling, 147 Tenn., 589.

6. **CONSTITUTIONAL LAW.** Legislature may regulate professions or trades under police power.

Under police power, legislature may regulate professions, trades, occupations, and contracts in the interest of public welfare. (*Post, p.* p. 298.)

Constitution cited and construed: Art. 11, sec. 8.

7. **CONSTITUTIONAL LAW.** Sales Act held not to violate Constitution as class legislation.

Pub. Acts 1919, chapter 118, does not violate Construction article 11, § eight, as class legislation, because section 4, a statute of frauds, excepts all contracts of sale under $500, and includes all those in excess thereof; such classification being reasonable. (*Post, pp.* 298-300.)

Acts cited and construed: Pub. Acts 1919, ch. 118.

Cases cited and approved: Com. v. Puder, 261 Pa., 129; Laplacca v. Phila. R. T. Co., 265 Pa., 304.

Case cited and distinguished: Mason-Heflin Coal Co. v. Currie, 270 Pa., 225.

Code cited and construed: Sec. 3142(S.).

*Headnotes 1. Statutes, 36 Cyc, p. 1047; 2. Statutes, 36 Cyc, p. 1047; 3. Statutes, 36 Cyc, p. 1028; 4. Statutes, 36 Cyc, p. 1028; 5.

Statutes, 36 Cyc, p. 1028;  6.  Constitutional Law, 12 C. J., section 431; 7  Constitutional Law, 12 C. J., section 860.

### FROM HENDERSON.

Error to the Circuit Court of Henderson County.— Hon. N. R. Barham, Judge.

Jno. F. Hall, for plaintiffs in error.

T. A. Lancaster, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

If the uniform sales statute, chapter 118 of the Public Acts of 1919, is valid, then it is conceded that the judgment of the circuit court should be affirmed.

This was a suit to recover damages for the violation of a parol contract for the sale of cotton seed in an amount exceeding $500.

The defendant pleaded the statute of frauds set forth in subsection 1 of section 4 of the above act, which is as follows:

"A contract to sell or a sale of any goods or choses in action of the value of the five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

This plea was sustained by the trial court, and the suit dismissed.

In the first place, it is said that the body of the act is broader than its caption, in that it undertakes to regulate many matters not referred to in the caption.

The title of the act is as follows:

"An act to be entitled an act regulating the sales of goods and to make uniform the law of sales of goods."

Under this head it is first insisted that the title includes all sales, regardless of the amount, while the body excepts sales under $500, which exception is not referred to in the title.

This court has repeatedly held that, where the title is broad and general, such exceptions do not invalidate the act. *Swift & Co.* v. *Haley,* 142 Tenn., 390, 219 S. W., 1039.

In the second place, it is said that the act deals with "negotiable paper" and "with attachments."

The act does deal with 'negotiable documents of title," and provides that the holder of such a document shall have precedence over an attaching creditor; that is, the right to the goods, of the holder of such a document, shall be superior to the right of an attaching creditor.

These matters are germane to the subject of the act, and deal with the sale of goods, or with that which amounts to the same thing, viz. the hypothecation of the goods as security for debt, or by transfer of title by the negotiation of such document.

Where the subject of a statute is sufficiently stated in the title, the manner, modes, means, or instrumentalities of its enforcement, administration, or accomplishment may be embraced in its body, though not recited or stated in the title. *State* v. *Yardley,* 95 Tenn., 553, 32 S. W., 481, 34 L. R. A., 656; *State* v. *Brown,* 103 Tenn., 456, 53

S. W., 727; *Peterson* v. *State,* 104 Tenn., 131, 56 S. W., 834; *Railroad* v. *State,* 110 Tenn., 617, 75 S. W., 730; *Railroad* v. *Byrne,* 119 Tenn., 299, 104 S. W., 460; *Knoxville* v. *Gass,* 119 Tenn., 438, 104 S. W., 1084; *Rhinehart* v. *State,* 121 Tenn., 434, 11 S. W., 508, 17 Ann. Cas., 254; *State ex rel.* v. *Persica,* 130 Tenn., 55, 168 S. W., 1056.

The generality of the title is no objection to it, so long as it is not made a cover for legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection with the subject of legislation expressed in the body of the act. *Cannon* v. *Mathes,* 8 Heisk., 519.

So long as the subject-matter of the body of the act is germane to that expressed in the title, there is an obedience to the mandate of the Constitution, whether the body enlarges or restricts the title. *Garvin* v. *State,* 13 Lea, 162; *Railroad* v. *Byrne,* supra.

When the act in question is considered as a whole, its purpose, to regulate the sales of goods, is apparent, and every matter dealt with therein can be referred to the title.

It would be a useless consumption of time to review in this opinion the decisions of this court upon this question, since they have been collated in the recent case of *House* v. *Creveling,* 147 Tenn., 589, 250 S. W., 357, in which Chief Justice GREEN concluded his discussion of this question with the following statement:

"Our uniform statutes, the Negotiable-Instruments Law, the Sales Law, the Partnership Law, and others, are of the widest range, and cover a multitude of matters, and yet their validity is not doubted."

The act in question appears upon the statute books of most of the states of the Union, and yet we have found

no case in which the contention here made has been raised.

In the next place, it is said that section 4 of the act violates article 11, section 8, of our Constitution, and is class legislation, in that it excepts all contracts of sale under $500, and includes all those in excess of $500, and that such a classification is unwarranted, arbitrary, and unreasonable.

In this position we cannot agree with learned counsel. Under the police power of the state the Legislature has a right to regulate professions, trades, occupations, and contracts in the interest of the public welfare. 12 Corpus Juris, 1123.

This provision of the act is substantially the same as the seventeenth section of the English statute of frauds, which has been on the statute books of many of the states for years, and its validity does not seem to have been questioned, with the exception to which we shall refer later. The limitation as to amount differs in the various states, but the substance of all of the enactments is the same.

A list of the states having such statutes will be found in 12 Corpus Juris, p. 231, note 62.

By subsection 5 of our statute of frauds (Shannon's Code, section 3142) it is provided that no action shall be brought ''upon any agreement or contract which is not to be performed within the space of one year from the making thereof.''

The principle involved is the same in this as in the act of 1919. One limits the time, and the other the amount.

While the statute just quoted was passed in 1801, its validity has never been questioned. In passing, it might

be said that the same principle is involved in our other statutes of limitation.

The Uniform Sales Act was enacted by the legislature of Pennsylvania in 1915. P. L. 543 (Pa. St. 1920, sections 19649-19725). The supreme court of Pennsylvania, in *Mason-Heflin Coal Co.* v. *Currie* (1921), 270 Pa., 225, 113 Atl., 204, said:

''Is section 4 of the Sales Act unconstitutional? This, also, Judge STERN has conclusively answered, when he says: 'In regard to the constitutionality of section 4, the plaintiff contends that this section is a special law, changing the rules of evidence in judicial proceedings and the methods for the collection of debts, and therefore violates article 3, section 7, of the Constitution of Pennsylvania. Assuming for the sake of argument, but not deciding, that the clauses of the Constitution referred to are involved at all, it cannot be held that section 4 of the Sales Act is special legislation, within the meaning of the Constitution. The principles governing this subject have been so many times stated by the supreme court that no extended discussion would seem to be required. The Constitution does not prevent distinctions and classifications; it merely requires that the basis for classification must be reasonable and proper, and founded upon a real and not merely an artificial distinction; if the distinction is genuine, the courts cannot declare the classification void, though they may not consider the basis to be [wise]. The test is not wisdom, but good faith, in the classification. *Com.* v. *Puder*, 261 Pa., 129; *Laplacca* v. *Phila. R. T. Co.*, 265 Pa., 304. In the present case there is manifest propriety in the provision that sale contracts involving only a small sum need not be in writing, whereas larger contracts are enforceable only if evidenced by

a note or memorandum in writing. This distinction is based upon well-known customs and usages of trade. To require that the almost infinite number of trifling sales which are transacted every day must be in writing would be to make almost impossible the carrying on of ordinary business of that kind. On the other hand, there is no reason why, in the case of more important contracts of sale, the parties should not be compelled to be sufficiently deliberate to reduce their agreements to writing. Once it be admitted that there is a valid reason for fixing an amount above which a note or memorandum in writing must exist, the exact point at which the line should be drawn is for the legislature and not for the courts.'

"To this it may be added, in answer to appellant's argument in this court, that the classification which the act makes is not a classification of coal contracts, but a classification of sales of personal property generally, a subject which could hardly be more general and more needing of classification, if this is ever to be permitted. Its contention is in substance, therefore, that contracts of sale cannot be classified for the purpose of legislation, even as between sales of realty and sales of personalty, notwithstanding the fact that this latter distinction has been recognized in legislation for centuries."

The principal objections invoked by counsel to the validity of this act have been dealt with in the foregoing discussion.

We have carefully considered all of the assignments of error, and find them without merit.

It results that the judgment of the circuit court will be affirmed.