EGAN CONSOLIDATED SCHOOL DISTRICT NUMBER 1, MOODY COUNTY, Respondent, v. MINNEHAHA COUNTY, SOUTH DAKOTA, Appellant.

(270 N. W. 527.)

(File No. 7961. Opinion filed December 17, 1936.)

*Louis N. Crill,* of Sioux Falls, for Appellant.

*George A. Rice,* of Flandreau, and *Blaine Simons,* of Sioux Falls, for Rlespondent.

ROBERTS, J. The Egan Independent Consolidated School District of Moody County made an application to the Board of County Commissioners of Minnehaha County for abatement of taxes for the years 1933 and 1934 on a residence property in the City of Sioux Falls. The property claimed to be exempt was acquired by the school district in March, 1932, and under the agreed facts the property "is rented for income purposes and was acquired by the school district to protect itself from losses and shortages existing in the sinking fund of the school district." The ap-

plication was denied; and the plaintiff school district appealed to the circuit court, which rendered judgment in favor of the plaintiff abating the taxes. Defendant county has appealed to this court.

In the Constitution of this state as originally adopted the following provisions in article 11 under the title of "Revenue and Finance" defined what classes of property shall be exempt from taxation:

"§ 5. The property of the United States and of the state, county and municipal corporations, both real and personal, shall be exempt from taxation."

"§ 6. The legislature shall, by general law, exempt from taxation, property used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, and personal property to any amount not exceeding in value two hundred dollars for each individual liable to taxation."

"§ 7. All laws exempting property from taxation other than that enumerated in sections 5 and 6 of this article, shall be void."

Section 5 was amended in 1930 (see Laws 1929, c. 86), providing that "all state land acquired under the provisions of the Rural Credit Act may be taxed by the local taxing districts for county, township and school purposes, in such manner as the Legislature may provide." With the exception of the proviso authorizing the taxation of lands acquired under the Rural Credit Act, the provisions of section 5 are self-executing and dependent upon no other condition than ownership. Section 6 permits the Legislature to exempt from taxation property used exclusively for school and other enumerated purposes and specifies the amount of exemption that may be allowed to individuals. In re Construction of Revenue Laws, 2 S. D. 58, 48 N. W. 813. Prior to the amendment of section 2 of article 11 of the Constitution in 1918 to permit the Legislature "to determine what class or classes of property shall be subject to taxation, and what property if any, shall not be subject to taxation," the Legislature was not empowered to grant other exemptions. The constitutional amendment had the effect of abrogating the limitations contained in section 7 in this same article. State, ex rel Eveland v. Johns, 43 S. D. 279, 178 N. W. 945; Dakota Lodge No. 1 v. Yankton County, 54 S. D. 402, 223 N. W. 330. The intention of the Legislature to subject prop-

erty of a school district to taxation does not appear in the statutes. No mention is made of the taxation of public properties with the exception of state-owned land acquired under the Rural Credit Act. Chapter 257, Laws 1931. When public property is involved, exemption is the rule and taxation the exception. National Surety Co. v. Starkey, 41 S. D. 356, 170 N. W. 582. However, a decision as to whether or not public property is included within the purview of tax statutes in the absence of an express statutory declaration is not necessary to a determination of this appeal. It is entirely clear that, if the property in question is either the property of the state or of a municipal corporation, it is not subject to taxation.

█ The contention of the plaintiff is that the term "municipal corporations" in section 5 of article 11 includes school districts and consequently ownership of the residence property in the City of Sioux Falls by the school district is exempt. A school district in its restrictive sense is not a municipal corporation, but is of the class commonly termed quasi corporations. Town of Dell Rapids v. Irving, 7 S. D. 310, 64 N. W. 149, 29 L. R. A. 861; Davenport v. Elrod, 20 S. D. 567, 107 N. W. 833; Grabe v. Lamro Independent Consol. School District, 53 S. D. 579, 221 N. W. 697; Nelson v. Lembcke, 43 S. D. 207, 178 N. W. 981. See, also, Bailey v. Lawrence County, 5 S. D. 393, 59 N. W. 219, 49 Am. St. Rep. 881. The term "municipal corporations" may be used in a broad generic sense, and as such may include quasi corporations. Sanders v. School District of Sioux Falls, 35 S. D. 48, 150 N. W. 473; Joint School District No. 132 v. Dabney, 127 Okl. 234, 260 P. 486; School District No. 8 v. Twin Falls County Mut. Fire Ins. Co., 30 Idaho 400, 164 P. 1174; State ex rel Kinder v. Little River Drainage District, 291 Mo. 267, 236 S. W. 848; Olsen v. Independent & Consol. School District, 175 Minn. 201, 220 N. W. 606. Thus in Dillon on Municipal Corporations (5th Ed.) § 132, the author says: "We may, therefore, define a municipal corporation in its historical and strict sense to be the incorporation, by the authority of the government, of the inhabitants of a particular place or district, and authorizing them in their corporate capacity to exercise subordinate specified powers of legislation and regulation with respect to their local and internal concerns. This power

of local government is the distinctive purpose and the distinguishing feature of a municipal corporation proper. The phrase 'municipal corporation' is used with us in general in the strict and proper sense just mentioned; but sometimes it is used in a broader sense that includes also public or quasi corporations, the principal purpose of whose creation is as an instrumentality of the State, and not for the regulation of the local and special affairs of a compact community."

The framers of the Constitution intended by the term "municipal corporations" in section 5 of article 11 to use it in a broad sense and not to confine it to cities and towns. This is apparent from the language of section 10 of the same article which reads as follows: "The legislature may vest the corporate authority of cities, towns and villages, with power to make local improvements by special taxation of contiguous property or otherwise. For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such tax shall be uniform in respect to persons and property within the jurisdiction of the body levying the same."

It will be observed that with reference to the vesting of power to make local improvements this section enumerates "cities, towns and villages." The second sentence refers, not to these enumerated corporate authorities, but to "all municipal corporations." The Supreme Court of Illinois in Wilson v. Board of Trustees, 133 Ill. 443, 27 N. E. 203, 206, construing the same language in section 9 of article 9 of the Constitution of that state, said: "First, it enumerates the corporate authorities of 'cities, towns, and villages,' and provides that they may be vested with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise; and, second, it does not enumerate, as does section 5 of article 9 of the constitution of 1848, the municipal corporations the corporate authorities of which may be vested with power to assess and collect taxes for corporate purposes, but simply provides that, for certain corporate purposes, 'all municipal corporations may be vested with authority to assess and collect taxes,' etc. Very clearly, the words 'municipal corporations' are here used, not in their primary sense of 'cities, towns, and villages,' but in their ordinarily accepted and more enlarged

sense of public local corporations, exercising some governmental function; for, had it been intended to mean by them only cities, towns and villages, there would have been no difference between the language employed in the first clause to describe the corporations intended by it, and the language employed in the second clause to describe the corporation intended by that clause. This change in phraseology is conclusive that, in respect to the corporations to be affected, a different idea is intended to be expressed in the second clause than that expressed in the first clause. And the fact that the language employed is, in form, in the first clause specific, and in the second clause generic, admits of no other conclusion than that it is intended the second clause shall be more comprehensive than the first clause, and include other corporations not therein enumerated; and so, necessarily, all public local corporations exercising some governmental function, which is the present popular and ordinarily accepted meaning of the words 'municipal corporation.' " It is true that the term "municipal corporations" in other constitutional provisions has been construed not to include school districts (Town of Dell Rapids v. Irving, supra; Sanders v. School District of Sioux Falls, supra), but, when the other provisions of article 11 are taken into consideration as well as the objects to be attained, it would be contrary to the intent and purpose of section 5 to hold that school districts are not included within the term "municipal corporations." No reason seems to exist why a distinction should have been made between the property of a school district and that of a city, town, or village, and it is apparent that no distinction was intended by the framers of the Constitution.

■ ■ Defendant contends that, notwithstanding such construction of the Constitution, the property involved is taxable; that the school district is not the owner of such property because it was not acquired in the manner provided by law. The contention of the defendant as we understand it is that a school district has only such powers as have been conferred by statute and that an independent consolidated school district is vested with authority to acquire real property for no purpose other than a schoolhouse site. It is agreed that the title to the property was taken in the name of the plaintiff school district and that the property was acquired in satisfaction of a liability of a former school treasurer. In Cooley

on Taxation (2d Ed.) § 635, it is said that "whether the acquisition of property by the public was ultra vires or not is immaterial so far as the power to tax is concerned." Independent consolidated school districts may by statute acquire real property for certain purposes. Sections 48 and 206, c. 138, Laws 1931. Having such capacity, conveyances to them are not void, but voidable only. If the plaintiff district exceeded its authority in acquiring the property, such title as the district acquired cannot be questioned by the defendant. See Dillon on Municipal Corporations (5th Ed.) § 990; Chambers v. City of St. Louis, 29 Mo. 543; Raley v. Umatilla County, 15 Or. 172, 13 P. 890, 3 Am. St. Rep. 142; Barnes v. Multnomah County (C. C.) 145 F. 695. It follows that the property against which defendant county seeks to enforce a general tax is exempt.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL and RUDOLPH, JJ., concur.

WARREN, J., disqualified and not sitting.