TONOPAH & GOLDFIELD RAILROAD COMPANY, A Corporation, RAILWAY EXPRESS AGENCY, INC., A Corporation, PACIFIC MOTOR TRANSPORT COMPANY, A Corporation, AND SOUTHERN PACIFIC COMPANY, A Corporation, RESPONDENTS, v. NEVADA-CALIFORNIA TRANSPORTATION COMPANY, INC., A Corporation, APPELLANT.

No. 3147

February 2, 1938.                    75 P.(2d) 727.

*James T. Boyd,* for Appellant:

236

*Walter Rowson* and *Brown & Belford,* for Respondents:

# OPINION

By the Court, DUCKER, J.:

This suit was instituted by the respondents to enjoin appellant from operating motor vehicles on the public

highways of Nevada between Reno and Tonopah, and intermediate points, in competition with respondents, upon the ground that appellant had not obtained from the public service commission a certificate of convenience and necessity, as required by chapter 165, Stats. 1933, and chapter 109, Stats. 1919.

From an adverse judgment the defendant has appealed.

The parties entered into an agreed statement of facts, from which it appears that the Tonopah & Goldfield Railroad Company is a corporation, organized pursuant to an act of our legislature, approved March 22, 1865, and ever since November 1, 1905, has been engaged in the business of owning and operating a standard gauge, steam railroad as a common carrier, in both intrastate and interstate commerce, between the town of Mina and the town of Goldfield, Nevada; that the Southern Pacific Company has been a corporation ever since 1884, and prior to 1905 became and ever since has been qualified to do business in this state, and ever since said year said company has owned and operated a standard gauge steam commercial railroad, engaged in both intrastate and interstate commerce for hire, between Reno, Nevada, and Mina, Nevada, as a common carrier, at which last-named place it connects with the plaintiff Tonopah & Goldfield Railroad Company. It is likewise stipulated that the Railway Express Agency, Inc., is a corporation organized under the laws of Delaware, and ever since January 1929, has been and now is qualified to, and ever since November 1, 1905, it or its grantors and predecessor in interest has been doing business in this state, in the carriage of property for hire, both in intrastate and interstate commerce, between the city of Reno and the city of Tonopah, Nevada. It is also stipulated that the plaintiff Pacific Motor Transport Company is a corporation and ever since August 1, 1932, qualified to do and doing business as a common carrier for hire between the city of Reno and the town of Goldfield, Nevada, and that prior to engaging in said business it applied for

and obtained from the public service commission of Nevada a certificate of public convenience and necessity for engaging in business between the city of Reno and the town of Goldfield, Nevada.

It is further stipulated that defendant ever since September 1, 1931, has been a corporation duly organized and existing under the laws of the State of Nevada; that said company has, on two separate occasions, applied to the public service commission of Nevada for a certificate of public convenience, authorizing it to engage in the business of transporting, by trucks and automobiles, property for hire, along the highways of Nevada, as a common carrier, between Reno and Goldfield, Nevada, and intermediate points; that each of said applications was denied; that in all other respects the defendant has complied with the laws of Nevada.

It is further stipulated that unless restrained by order of court the defendant will continue to transport property for the public in intrastate commerce for compensation, over the public highways, as prior to the signing of the statement of facts.

It is the contention of respondents that pursuant to the act of 1933 the judgment should be affirmed, but in case that act be held unconstitutional, as contended by appellant, the act of 1919 is still in force and effect, and for that reason the judgment must be affirmed.

If we find that the 1933 act is constitutional, it will be unnecessary to consider the prior act.

As we understand the contention of appellant as to the act of 1933, it is that it is unconstitutional in that the title of the act embraces two subjects, contrary to article 4, section 17, of the constitution, and, further, that the subject matter of section 7 of the act is not embraced in the title of the act.

■■ There is no better known rule than that every act of the legislature is presumed to be constitutional, unless it be the one to the effect that no act will be held unconstitutional unless it is clearly so. State v. Board

of County Comr's., 21 Nev. 235, 29 P. 974; State v. Westerfield, 24 Nev. 29, 49 P. 554.

■ The title of the act of 1933 reads: "An Act declaring the purpose and policy of the legislature relative to use of the public highways of the state in the carrying of persons and property thereon in motor vehicles, defining such vehicles and public highways, providing for the licensing of certain carriers thereon by the public service commission of Nevada and providing and defining its duties in relation thereto, providing license fees for the operation of motor vehicles in carrier service for hire and other service on the public highways of the state, providing liability insurance in certain cases, providing for an official inspector and salary and allowances therefor, providing penalties for the violation hereof and other civil actions for the recovery of license fees herein, providing for the weighing of motor vehicles for license purposes by public weighmasters, and repealing all acts and parts of acts and certain acts of the legislature in conflict herewith; and other matters properly connected therewith."

We are clearly of the opinion that the title of the act quoted states but one subject, and that is "the purpose and policy of the legislature relative to use of the public highways of the state in the carrying of persons and property thereon in motor vehicles." The other matters stated in the title are merely incident to the real subject, and are in noway misleading or confusing. Klein v. Kinkead, 16 Nev. 194; Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879.

■■ If the title of the act had contained no more than that portion quoted, it would have been sufficient, for the section of the constitution in question contemplates that an act may cover every matter properly connected with the subject embraced in the title. We have often pointed out the purpose of the provisions of the constitution in question. We did so in Ex Parte Cerfoglio, 44 Nev. 343, 195 P. 96, and in Ex Parte Mantell,

47 Nev. 95, 216 P. 509. In the latter case we at some length dealt with the question of what constitutes the subject of an act, and pointed out that the subject of an act is the matter or thing forming the groundwork of the act in question. Clearly, the groundwork of the act in question in this case is the purpose and policy of the legislature relative to the use of the public highways of the state in the carrying of persons and property thereon in motor vehicles.

In the case of State ex rel. v. Board of Commissioners of Humboldt County, 21 Nev. 235, 29 P. 974, 975, the same contention was rejected; the court, after stating the purpose of the requirement, stated: "The objections should be grave, and the conflict between the constitution and statute palpable, before the judiciary should disregard a legislative enactment upon the sole ground that it embraces more than one object."

As we understand, it is contended that section 7 of the act covers matter not embraced in the title. This section provides that it shall be unlawful for a common motor carrier of property or passengers to operate as a carrier of intrastate commerce without first obtaining from the public service commission a certificate of convenience and necessity.

The question which is involved in the consideration of this contention has often been before this court. One of the early cases was that of Humboldt County v. County Commissioners of Churchill County, 6 Nev. 30. The title of the act in question in that case read: "An Act to amend an Act of the Legislative Assembly of the Territory of Nevada entitled 'An Act to create Counties and establish the boundaries thereof.'" Stats. 1869, p. 88, c. 41. The body of the act provided that the board of county commissioners of Churchill County should annually for five years set aside three thousand dollars out of the revenues of the county, to be paid to Humboldt County each year. The only question involved in the case was whether the title of the act was

broad enough to warrant the authorizing of the setting aside and payment of the $3,000 annually, as provided in the body of the act. The court upheld the act.

■ The supreme court of California, in Robinson v. Kerrigan, 151 Cal. 40, 90 P. 129, 133, 121 Am. St. Rep. 90, 12 Ann. Cas. 829, in disposing of the contention now under consideration, said: "If it were necessary to mention every subdivision of the general subject of an act in the title, to the extent here claimed, our statutes would present a somewhat ludicrous appearance. The statement of the subject in the title would generally occupy almost as much space as the act itself. Furthermore, if subjects, as intended by the Constitution, must be so minutely subdivided, it would be impracticable to enact any comprehensive law on any general subject, by reason of the necessity of dividing it into so many separate acts. The provision must receive, and it has received, a more liberal construction. The word 'subject' is given a broader meaning. People v. Mullender, 132 Cal. 217, 64 P. 299. All the provisions objected to as constituting a different subject are reasonably necessary as means for attaining the object of the act indicated by the subject which is expressed, and hence they are considered as included in the title, as subdivisions of the general subject there stated."

■ Considering the identical contention, the supreme court of Minnesota, in Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 924, 28 Am. St. Rep. 382, said: "The subject [of an act] may be as comprehensive as the legislature chooses to make it, provided it constitutes, in the constitutional sense, a single subject, and not several. The connection or relationship of several matters, such as will render them germane to one subject and to each other, can be of various kinds, as, for example, of means to ends, of different subdivisions of the same subject, or that all are designed for the same purpose, or that both are designated by the same term. Neither is it necessary that the connection or relationship should be

logical; it is enough that the matters are connected with and related to a single subject, in popular signification. The generality of the title of an act is no objection, provided only it, is sufficient to give notice of the general subject of the proposed legislation and of the interests likely to be affected."

In People v. Stitt, 280 Ill. 553, 117 N. E. 784, 789, the court expresses the same idea as stated above, and also says: "To render a provision of an act void because it was not expressed in the title it must have no connection with or relation to the title."

In Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 698, L. R. A. 1918E, 639, the court, in disposing of the identical contention at length, said: "If the title to the act fairly gives notice of the subject of the act, so as to reasonably lead to an inquiry into the body of the bill, it is all that is necessary. The title need not be an index to the contents of the bill."

The supreme court of Idaho, in Boise City v. Baxter, 41 Idaho 368, 238 P. 1029, 1033, after dwelling at some length on the point, says: "All that is necessary is that the act shall embrace some one general idea, and its parts be so connected with and relate to each other, either logically or in popular understanding, as to be parts of and germane to one general subject."

The supreme court of California, in Re Wellings' Estate, 192 Cal. 506, 221 P. 628, 634, in determining the identical question now under consideration, stated: "The general purpose of a statute being declared, the details provided for its accomplishment will be regarded as necessary incidents."

In Petty v. Pheonix, etc., Co., 150 Tenn. 292, 264 S. W. 353, in dealing with this subject, the court says: "Where the subject of a statute is sufficiently stated in the title, the manner, modes, means, or instrumentalities of its enforcement, administration, or accomplishment may be embraced in its body, though not recited or stated in the title."

A few of the many cases in harmony with the views above quoted are: State v. Davey, 27 Ariz. 254, 232 P. 884; Lowdermilk v. People, 70 Colo. 459, 202 P. 118; Corenblum v. State, 153 Ga. 596, 113 S. E. 159; City of Richmond v. Pace, 127 Va. 274, 103 S. E. 647; McNeal v. State of Alabama, 18 Ala. App. 311, 92 So. 95, affirmed 207 Ala. 712, 92 So. 921.

. For a great array of authorities supporting the above views, we refer to Third Decennial Digest, vol. 25, Statutes, 108 to 111, pp. 275 to 288.

■■ We have pointed out that the subject of the act in question is "the purpose and policy of the legislature relative to use of the public highways of the state in the carrying of persons and property thereon in motor vehicles."

The title of the act in question, after setting forth the real subject of the act, as we have pointed out, also sets forth additional matter, which is germane to the subject matter of the act. Had this not been contained in the title of the act, the matter covered in section 7 being germane to the subject of the act, no constitutional objection can be successfully urged to the title. The subject of the act being a declaration of purpose and policy of the legislature, as pointed out, it is broad and comprehensive enough to reasonably lead to an inquiry into the body of the bill. This is all that is necessary, as shown above.

For the reasons given, the constitutional objections must be held to be without merit.

Being of the opinion that the 1933 act is valid, and that it is complete within itself, we need not consider the act of 1919.

■■ It is also contended that none of the plaintiffs except the Pacific Motor Transport Company have obtained from the public service commission a certificate of convenience and necessity, hence are in no position to prosecute this suit. If it be true that none of the plaintiffs except Pacific Motor Transport Company can prosecute this suit, which we do not concede in view of the

fact that such plaintiffs are engaged as common carriers in interstate commerce, the mere fact that the Pacific Motor Transport Company did receive such certificate is sufficient, in view of our conclusions as to the constitutional questions, to warrant an affirmance of the judgment.

It is ordered that the judgment appealed from be affirmed.