OPINION
Appellant Clark County is a duly constituted political subdivision of the State of Nevada; the individual appellants are officials of said county as designated in the title; and appellant Nevada Tax Commission is an agency of appellant State of Nevada.
Respondent Lincoln County Power District No. 1 is a corporation organized and existing under chapter 72, laws of Nevada 1935, with its office at Pioche, Lincoln County, Nevada, is now and at all times since September 1, 1937, has been the owner of valuable property located in said Clark County and the adjoining county of Lincoln, consisting mainly of an electric power transmission line extending from Boulder dam across Clark County to the Pioche mining district in Lincoln County, Nevada; engaged in distributing, through the medium of said transmission line, hydroelectric energy, at cost, to said mining district and elsewhere in said Lincoln County.
On October 25, 1937, appellant DeVinney, as directed by appellant Nevada tax commission, levied an assessment on respondent's property in Clark County for taxes *Page 404 
for the year 1937, on an assessed valuation of $40,000, in the amount of $1,362.79, and demanded payment of said tax. Instead of paying the tax respondent brought an action in the district court of said Clark County against appellants, praying for a judgment that its property is exempt from taxation and appellants be enjoined from attempting to collect taxes thereon.
Issues were joined in the action, a trial was had thereof and the court rendered judgment that the property of the power district is exempt from taxation, and enjoined appellants from seeking to collect any taxes thereon. From that judgment appellants have appealed, and assign as errors committed by the trial court:
1. That the opinion and decision is contrary to and against law.
2. That the judgment is contrary to and against law.
3. That finding of fact No. 1 is contrary to and against fact and law.
4. That finding of fact No. 3 that plaintiff "is in fact a municipal corporation" is contrary to and against fact and law.
5. That conclusion of law No. 1 is contrary to and against law; and
6. That conclusion of law No. 3 is contrary to and against law.
There is only one question presented to the court for determination by the assignments of error, namely, is the property of respondent exempt from taxation? Although appellants claim two issues were raised by the pleadings: one, whether chapter 72, laws of 1935, provides for the creation of municipal corporations; and two, if so, is the property of such corporations exempt from taxation? In their argument appellants contend such statute is unconstitutional, being obnoxious to article IV, section 17 of the constitution of Nevada, in that two separate and distinct matters, not germane to each other, are included in the act, and that the title of the act fails to disclose an intent to provide *Page 405 
for the creation of municipal corporations. Section 17 provides: "Each law enacted by the legislature shall embrace but one subject, and matters properly connected therewith, which subject shall be briefly expressed in the title * * *."
1. Every presumption is in favor of the validity of a statute, Ex parte Goddard, 44 Nev. 128, 190 P. 916, and a statute will always be sustained if there be any reasonable doubt of its unconstitutionality. State v. Westerfield, 24 Nev. 29, 49 P. 554.
2. In State v. Ruhe, 24 Nev. 251, 52 P. 274; In re Walker River Irr. Dist., 44 Nev. 321, 195 P. 327; and Tonopah 
Goldfield R.R. Co. v. Nevada-California Trans. Co., 58 Nev. 234,75 P.2d 727, this court considered at length article IV, section 17 and statutes alleged to violate its provisions. We see no reason to review the authorities cited in those cases, or restate the conclusions reached therein, and are content to say that upon the reasoning and authority of those cases we hold chapter 72, laws of 1935, is constitutional.
3, 4. No act authorized by the constitution can be said to be against the public policy of the state. State v. Preble,18 Nev. 251, 2 P. 754; the legislature possesses the whole legislative powers of the people, except so far as its power is limited by the constitution. State v. Williams, 46 Nev. 263,210 P. 995; and it has plenary power to legislate upon every subject unless there is a denial of that right by constitution. Moore v. Humboldt County, 48 Nev. 397, 232 P. 1078.
5. There is no constitutional limitation on the power of the legislature of Nevada to create municipal corporations and confer on them such functions it considers necessary or expedient. Harris v. William R. Compton Bond Mortgage Co., 244 Mo. 664,149 S.W. 603; Gaynor v. Marohn, 268 N.Y. 417, 198 N.E. 13; Wertz v. City of Ottumwa, 201 Iowa 947, 208 N.W. 511; State v. Town of Boynton Beach, 116 Fla. 534, 156 So. 539; Wilson v. Board of Trustees of Sanitary Dist., 133 Ill. 443, *Page 406 27 N.E. 203; In re Tillamook People's Utility Dist., 160 Or. 530, 86 P.2d 460.
6. Therefore, power districts created pursuant to the provisions of chapter 72, laws of 1935, are municipal corporations. However, the act contains no provisions exempting, or providing for the taxation of, the property of such power districts, and whether such property is exempt from taxation is governed by the general laws of the state on taxation.
Section 6418 N.C.L., as amended, so far as applicable reads:
"All property of every kind and nature whatsoever within this state shall be subject to taxation except:
"First — All lands and other property owned by the state, or by the United States, or by any county, incorporated farm bureau, municipal corporation, irrigation, drainage or reclamation district, town or village in this state, and all public school houses, with lots appurtenant thereto, owned by any legally created school district within the state; also, nonprofit private schools, with lots appurtenant thereto, and furniture and equipment."
Article VIII, section 2, and article X, section 1, of the constitution provide what property shall be taxed and what may be exempted by law from taxation. Said section 2 of article VIII provides: "All real property and possessory rights to the same, as well as personal property in this state, belonging to corporations now existing or hereafter created, shall be subject to taxation the same as property of individuals; provided, that the property of corporations formed for municipal, charitable, religious, or educational purposes may be exempted by law."
Section 1 of article X is: "The legislature shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, real, personal and possessory, except * * * and, also excepting such property as may be exempted by law for *Page 407 
municipal, educational, literary, scientific or other charitable purposes."
7. In 61 C.J., taxation, page 366, section 359, it is stated to be the general rule that while in the absence of any constitutional prohibition the state may tax its own property, the presumption is always against an intention to do so, and such property is impliedly immune from taxation unless an intention to include it is clearly manifested; which immunity rests upon public policy and the fundamental principles of government.
"Some things are always presumptively exempted from the operation of general tax laws because it is reasonable to suppose they were not within the intent of the legislature in adopting them. Such is the case with property belonging to the state and its municipalities, and which is held by them for public purposes." Cooley on Taxation, 4th Ed. vol. 2, sec. 621.
The words "all property" as used in article XI, section 13, constitution of California, wherein it is provided: "All property in this State shall be taxed in proportion to its value * * *" were construed in People v. McCreery, 34 Cal. 432, and it was said: "The meaning of taxation must be kept in view, and that is: a charge levied by the sovereign power upon the property of its subject. It is not a charge upon its own property, nor upon property over which it has no dominion."
It was held in People v. Doe G. 1,034, 36 Cal. 220, that the constitution and laws on the subject of taxing property refer to private property and persons, not public property of the state, or any subordinate part of the state government such as counties, towns, and municipal corporations. The cases of Penick v. Foster,129 Ga. 217, 58 S.E. 773, 12 L.R.A. (N.S.) 1159, 12 Ann. Cas. 346, and Foster v. Duluth, 120 Minn. 484, 140 N.W. 129, 48 L.R.A. (N.S.) 707, are to the same effect.
8. When public property is involved, exemption is the rule and taxation the exception. National Surety Co. v. Starkey,41 S.D. 356, 170 N.W. 582; Egan School *Page 408 
Dist. v. Minnehaha County, 65 S.D. 32, 270 N.W. 527, 108 A.L.R. 572; State v. Snohomish County, 71 Wn. 320, 128 P. 667.
Appellants contend respondent is not a municipal corporation, as those words are used in the constitution and statutes exempting the property of such corporations from taxation, and therefore its property is subject to taxation.
Many and varied are the definitions of the words "municipal corporation," some of which are collected in the case of City of Louisville v. Babb, 7 Cir., 75 F.2d 162, and many others in Words and Phrases, Permanent Edition, vol. 27, beginning at page 749.
In certain of those authorities it is held the words include only cities and incorporated towns, while in others they are held to include not only the pure municipal corporations of cities and towns but also all municipal and quasi municipal corporations, organized for public governmental purposes, and the words "political," "municipal," and "public" are used interchangeably.
In Cook v. Port of Portland, 20 Or. 580, 27 P. 263, 264, 13 L.R.A. 533, it is stated:
"The word `municipal' is defined by the lexicographers as belonging to a city, town, or place; having the right of local government; belonging to or affecting a particular state or separate community; local; particular; independent. It is usually applied to what belongs to a city, but has a more extensive meaning, and is in legal effect the same as public or governmental, as distinguished from private. * * *
"A corporation, therefore, created for municipal purposes, is a corporation created for public or governmental purposes, with political powers to be exercised for the public good in the administration of civil government, whose members are citizens, not stockholders; an instrument of the government, with certain delegated powers, subject to the control of the legislature and its members, officers, or agents of the government for the administration or discharge of public duties." *Page 409 
In O'Berry v. Mecklenburg County, 198 N.C. 357, 151 S.E. 880,882, 67 A.L.R. 1304, the question was whether the county was liable for a tax upon the gasoline used by it in the discharge of its governmental functions. The county contended it was not liable for the tax by reason of article V, section 5, of the constitution, which provided: "Property belonging to the State or to municipal corporations, shall be exempt from taxation."
The court cited decisions holding that counties are not, in a strictly legal sense, municipal corporations, like cities and towns, but rather instrumentalities of government, or agents of the state, constituted for the convenience of local administration in certain portions of the state's territory, and then stated:
"The weight of authority is to the effect that all the powers and functions of a county bear reference to the general policy of the state, and are in fact an integral portion of the general administration of state policy." Citing authorities.
"Therefore, property held by a county is held for the express purpose of aiding or facilitating the discharge of governmental functions. For this reason the property of the state and the property of counties is exempt from taxation by express provisions of the Constitution in article 5, sec. 5, thereof."
9. Power districts, as provided for in chapter 72, laws of 1935, are also political subdivisions of the state, created to make available to the public, to any municipality, the state, and any public institution, an abundant supply of electricity at the lowest cost consistent with sound economy and prudent management for use for the purpose of raising the standard of living, promoting more efficient development and use of the mineral resources of the state, and reducing unemployment. Furthermore, the legislature declared in the act that the procedure provided by it was the only feasible and practicable method to make available to the state federal assistance in carrying out the purposes of the act. *Page 410 
 10. The supplying of electric energy to the inhabitants of a state, county, or municipal corporation is a legitimate municipal or public purpose. Brush v. Commissioner, 300 U.S. 352,57 S.Ct. 495, 81 L.Ed. 691, 108 A.L.R. 1428; Pacific Gas Electric Co. v. Sacramento Municipal Utility Dist., 9 Cir., 92 F.2d 365.
Appellants rely on authorities holding irrigation districts are not municipal corporations to sustain their contention respondent is not a municipal corporation and that its property is subject to taxation.
11, 12. Irrigation districts are organized primarily to promote the material prosperity of the few owning lands within their boundaries, just as manufacturing plants are established to produce profits for their stockholders, and are not organized for the discharge of governmental functions in addition to, or in aid of, the usual governmental departments or agencies. Power districts, authorized by chapter 72, laws of 1935, are created for the sole purpose of assisting the state in the performance of its governmental function of distributing heat, light and power among its people without profit. Buffalo Rapids Irr. Dist. v. Colleran, 85 Mont. 466, 279 P. 369; Holbrook Irr. Dist. v. First State Bank, 84 Colo. 157, 268 P. 523; City of Nampa v. Nampa 
Meridian Irr. Dist., 19 Idaho 779, 115 P. 979; State v. Hunt,49 Wyo. 407, 57 P.2d 793.
The case of State v. Yuma Irr. Dist., 55 Ariz. 178, 99 P.2d 704,705, cited, and relied on by appellants, supports, rather than is contrary to, the judgment of the trial court. In that case the court held the constitution authorized the legislature to exempt from taxation only the "property of educational, charitable and religious associations or institutions not used or held for profit," and that such power to exempt did not extend to the property of irrigation districts; that the constitution in Arizona also exempts from taxation "all Federal, state, county and municipal property," article 9, sec. 2, but by the provisions of the constitution it *Page 411 
clearly appears the words "municipal corporations" pertained only to cities and towns, and that according to such constitutional definitions irrigation districts are not municipal corporations, neither is their property.
Section 6418 N.C.L. exempts the property of irrigation districts from taxation; although in Re Walker River Irr. Dist., supra, they are declared not to be municipal corporations, but public corporations for municipal purposes. So, also, is McLean v. Truckee-Carson Irr. Dist., 49 Nev. 278, 245 P. 285, 286. California courts have held irrigation districts are political subdivisions or agencies of the state, and their property is exempt from taxation under that section of the constitution exempting from taxation property belonging to the state. Glenn-Colusa Irr. Dist. v. Ohrt, 31 Cal.App.2d 619, 88 P.2d 763.
In the California case of In re Bonds of Orosi Public Utility District, 196 Cal. 43, 235 P. 1004, the court distinguishes between districts organized for the purpose of draining, irrigating, reclaiming or otherwise directly benefiting privately owned property, and public utility districts organized for the sole purpose of supplying the inhabitants of the district with light and power, or similar purposes.
Pacific Gas Electric Co. v. Sacramento Municipal Utility District, supra, was an action brought by a private utility corporation to enjoin the public utility district from issuing bonds to finance the construction and operation of a light, power and heating system to serve the district. It is a well considered case, cites many authorities to support its conclusions that there is a difference between such districts and irrigation districts, that such utility district was a validly constituted political subdivision of the state and duly authorized to finance the public function of supplying its inhabitants with light, heat and power through general taxation.
The Board of Directors of Tillamook People's Utility *Page 412 
District, 160 Or. 530, 86 P.2d 460, 464, petitioned the court for a judgment establishing the legality of the proceedings in connection with the creation of the district. It appears from the parts thereof cited in the opinion that the constitutional and statutory provisions under which the district was organized are quite similar to chapter 72, laws of 1935, and in its opinion the court said: "The intention of the framers of the constitutional and statutory provisions authorizing the creation of people's utility districts is manifestly that such districts shall be municipal corporations with wide powers to provide general benefits."
13. Irrigation districts, drainage districts, utilities districts, and other similar organizations are not "municipal corporations," but are public agencies exercising governmental functions, and, under theory that their properties are in effect properties of the state, they are not subject to taxation. Laguna Beach County Water Dist. v. Orange County, 30 Cal.App.2d 740,87 P.2d 46.
In State of Alabama v. United States, Ct. Cl., 38 F.2d 897, 899, the question before the court was whether the State of Alabama could tax the surplus hydroelectric power, generated at the federal power plant, erected at Wilson dam, which the government sold to the Alabama Power Company, a private corporation, engaged in the manufacture, transportation and sale of electricity for private gain.
The court held that "a tax on property is * * * a tax on the thing called ownership, which is merely a person's legally protected interest in the thing owned," and that when an agency is created by Congress as a means of exercising its constitutional functions, it cannot be taxed by a state, for the reason it is an instrument of the United States; as it is the taxation of the means employed by the government to perform a constitutional function.
In the instant case the power transported and disposed of without profit by respondent, over the power *Page 413 
line sought to be taxed, is purchased from the federal government, which generated the same at a plant constructed with public funds, is transported over a power line, also constructed with public funds, by a governmental agency, created by the State of Nevada for the sole purpose of making electric energy generated at Boulder dam available at cost to the people of Nevada, and enable the state to avail itself of federal assistance in carrying out the purposes for which respondent was created.
14. Whether the property sought to be taxed by appellants is property of the respondent, or whether it holds the same in trust for the State of Nevada, or as an agency of the federal government, is immaterial, since in either event it is property exempt from taxation, as the trial court found and decreed.
Finding no reversible error in the record, the judgment is affirmed.
NOTE — ORR, J., being disqualified, the Governor designated HONORABLE L.O. HAWKINS, Judge of the Sixth Judicial District, to sit in his stead. *Page 414