## LOVELOCK MERCANTILE CO. ET AL. *v.* LOVELOCK IRRIGATION DISTRICT ET AL.

No. 2831

December 5, 1928.                                    272 P. 1.

*Powell & Brown* and *Price & Hawkins*, for Petitioners:

*H. J. Murrish* and *Cooke & Stoddard,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

This is an application by the appellants for a writ of supersedeas to restrain the respondents from including within the boundaries of the Lovelock irrigation district any lands, blocks, or lots of appellants included within the city limits of the city of Lovelock.

Appellants commenced an action against respondents in the Second judicial district court and obtained a restraining order and order to show cause why an injunction pendente lite should not issue. The action was by stipulation transferred to the Sixth judicial district court. After the case was transferred appellants filed an amended complaint in which it is alleged, inter alia, that it is sought by petition to annex certain lots and blocks of the city of Lovelock to the Lovelock

184

irrigation district; that upon said lots and blocks are erected buildings for business and residential purposes, and in many instances such buildings cover the entire block or lot of ground upon which the same are erected; that said lots or blocks of land are in no sense farming or agricultural lands, or susceptible of irrigation by the system of works contemplated by the Lovelock irrigation district, and would not be benefited thereby or by any improvements it might make; that said lots and blocks now are and at all times have been outside the boundaries of said Lovelock irrigation district; that said defendants intend to and will at a meeting to be held by them on Monday, March 19, 1928, make and enter an order denying, overruling, and rejecting any and all objections thereto and annex said lots unless restrained therefrom; that no benefits have been apportioned to any of the said lands embraced within the city limits, and the city has its own sufficient, efficient, and independent water supply for all the lands embraced within the city limits, and that same have no need for any additional water supply; that said lots and blocks will not be benefited by inclusion in the district, but on the contrary, will be greatly and substantially injured thereby, in that each lot will become obligated and bound for taxation for the payment of a contemplated bond issue in the sum of $1,287,000, with interest at 6 per cent per annum, and remain liable for the payment of such tax notwithstanding delinquencies in other lands within the district; that the petition for annexation does not conform to the required provisions of the Nevada irrigation district act, as amended (3 Rev. Laws 1919, p. 3269, as amended by Laws 1923, c. 171), and by reason thereof is inoperative, null, and void; that said petition as signed by the parties does not describe the lands, nor does it describe the several parcels owned by the persons signing said petition; that a large number of persons who did in fact sign said petition did so by reason of fraud, duress, and misrepresentation; that several persons who were induced to sign are now objecting to such, and object to any of the lands within the city

limits of Lovelock being included within the boundaries of said Lovelock irrigation district; that sections 36, 37, 38, 39, 40, 41, 42, 43, and 43½ of the Nevada irrigation act, as amended, are unconstitutional; that petitioners here are the owners and in possession of large portions of the lots, blocks, and land embracing much of the most substantially improved portions or sections of the city of Lovelock sought to be included within the boundaries of the said Lovelock irrigation district; that $1,287,000 in bonds have been voted by said Lovelock irrigation district, and, unless restrained, defendants will include said lands of plaintiffs within the boundaries of the Lovelock irrigation district and sell said bonds covering all of plaintiffs' lands, thereby casting a cloud upon plaintiffs' title to all of their said lands and causing a multiplicity of suits to clear title, and irreparable injury to plaintiffs.

A hearing was had on said order to show cause, at the conclusion of which the court dismissed the restraining order and denied the application for the injunction.

Appellants perfected their appeal from the order refusing the injunction prior to their application for the writ of supersedeas. It is alleged in the petition for the writ that, since the order refusing to grant an injunction was made, respondents, on May 8, 1928, at Lovelock, Nevada, held a hearing upon the petition for annexation and objections thereto, and will, if not restrained from so doing, enter an order including within the boundaries of said Lovelock irrigation district, lands, blocks, and lots, with valuable improvements thereon, being the property of appellants, as in said amended complaint alleged, all in violation of the rights of plaintiffs and contrary to the provisions of the said Nevada irrigation district act; that by such inclusion petitioner's lots, blocks, and tracts of land, together with the valuable improvements thereon, will become subject to a lien of $1,287,000 principal bond issue, with interest thereon, and other indebtedness; that said action will create a lien and cloud upon the title to said lands, even though said lands should be later excluded from the

district; that if improvements have been commenced or authorized, or if there are bonds or other contracts or certificates of indebtedness outstanding while said lands are so included in the boundaries of said Lovelock irrigation district, then no lands upon which benefits have been apportioned shall be excluded, as is provided by said Nevada irrigation act; that there is in existence a real controversy as to the injunction feature of the action, and if the action of the board of directors as alleged is not stayed, petitioners will be injuriously affected if this court should on appeal reverse the order of the lower court denying the injunction.

A hearing was had in this court upon demurrer to the petition for the writ. At the conclusion thereof counsel stipulated that when this court reached its decision it might enter an order dismissing the petition or granting the writ, as the case might be, and file its written opinion later. An order dismissing the petition has heretofore been made by this court.

We are of the opinion that a supersedeas order staying the action of the directors as prayed for is unnecessary. Process of this character will issue only when necessary to the complete exercise of the appellate jurisdiction of the supreme court. Section 4, art. 6, Nev. Const.; section 4834, Rev. Laws, vol. 2.

Concerning the writ of supersedeas it is stated in 3 C. J. sec. 1411:

"As a rule a supersedeas or stay should be granted, if the court has the power to grant it, whenever it appears that without it the objects of the appeal or writ of error may be defeated, or that it is reasonably necessary to protect appellant or plaintiff in error from irreparable or serious injury in the case of a reversal, and it does not appear that appellee or defendant in error will sustain irreparable or disproportionate injury in case of affirmance. * * * On the other hand, as a rule, a supersedeas, or stay will not be granted * * * unless it appears to be necessary to prevent irreparable injury or a miscarriage of justice."

The rule stated above is fairly deducible from the

cases. A mere claim of serious or irremediable injury in case of a reversal will not prompt this court to suspend the operation of an order or judgment of a lower court pending an appeal. Petitioner must clearly show that such an injury can be reasonably apprehended.

It was claimed by appellants that if the petition for the inclusion of their lands was granted, irreparable injury would result from liens attaching thereto for assessments thereafter levied for the purpose of raising money to be applied to any of the purposes of the act. It was insisted that such liens would not be removed notwithstanding said lands were subsequently excluded from the district, and a cloud would thereby be cast upon the title to the lands; that they were therefore entitled to a supersedeas to maintain the status quo until the question of their right to an injunction could be determined on appeal. We do not perceive how any injury can result from the refusal of this court to make an order staying the action of the directors.

The appellants questioned the power of the directors to proceed with the hearing of the petition for the inclusion of their lands within the boundaries of the Lovelock irrigation district upon two grounds: (1) That the sections of the irrigation statute under which the directors were undertaking to proceed were unconstitutional; and (2) assuming that said sections were valid, the petition for the inclusion of appellants' lands in the irrigation district was insufficient and by reason thereof inoperative, null, and void. If either of these contentions is determined in appellants' favor on appeal the board of directors will have been without jurisdiction to make appellants' property subject to the provisions of the act. Consequently no valid liens against their property could result from the action of the board.

It cannot therefore be fairly assumed that it is reasonably necessary to grant a stay to protect appellants from serious injury in case of a reversal.

For these reasons the writ was denied.