314

LEVON G. KASSABIAN, APPELLANT, *v.* GLEN JONES AND
BUR-WY, INC., A CORPORATION, RESPONDENTS.

No. 3982
December 7, 1956                    304 P.2d 962

*George Rudiak and Betty Aronow,* Associate Attor-
neys, of Las Vegas, for Appellant.

*George E. Marshall,* of Las Vegas, for Respondent
Glen Jones.

*Hawkins and Cannon,* of Las Vegas, for Respondent
Bur-Wy, Inc.

# OPINION

UPON MOTION FOR ORDER FOR DEPOSIT IN COURT
PENDING APPEAL

*Per Curiam:*

This is upon motion for order of this court directing deposit in court by respondents of certain sums pending the appeal in this matter. The order is sought under Rule 62(g) N.R.C.P. which provides in part that the provisions of Rule 62 relating to stay of execution shall not limit the power of this court pending appeal "to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." The motion is opposed by respondents.

It appears from the record that the action is one in part to terminate a lease between appellant and respondent Jones, which lease provides for the payment of monthly rental. Appellant contends that in the alternative he is entitled to the rental fixed by the lease (should respondents prevail here) or to equivalent sums as damages for use and occupancy (should appellant prevail and the lease be terminated) ; that this court should, therefore, order such sums deposited monthly during the pendency of this appeal and should in effect restore an order for such deposits made by the trial court under Rule 67(2) during the pendency of these proceedings before that court.

We do not regard such requested relief as relating to a preservation of the status quo. Save as a provisional remedy in aid of collection of a money judgment such relief does not appear to relate to the effectiveness of any judgment we might render. That the effectiveness of our ultimate judgment might be defeated should we fail to act does not appear at all.

Motion denied.