NEVADA TAX COMMISSION, COMPOSED OF CHARLES H. RUSSELL, CHAIRMAN; ROBERT A. ALLEN, EDWARD ARNOLD SETTELMEYER, NORMAN D. BROWN, MARSHALL WILLIAM DEUTSCH, HORACE GORDON LATHROP, AND W. S. LARSH, AND THE NEVADA GAMING CONTROL BOARD, COMPOSED OF ROBBINS E. CAHILL, WILLIAM V. SINNOTT, AND WILLIAM P. GALLAGHER, APPELLANTS, v. BRENT MACKIE AND KENNETH K. HENTON, DOING BUSINESS AS THE NEW STAR HOTEL AND CASINO, RESPONDENTS.

No. 4139

August 15, 1958.                     330 P.2d 496.

See also 74 Nev. 276, 329 P.2d 448.

*Frank R. Petersen,* of Reno, for appellants.

*Richard G. Campbell,* of Winnemucca, and *Thomas A. Foley,* of Las Vegas, for respondents.

## OPINION

ON MOTION TO STAY EXECUTION OF DISTRICT COURT
JUDGMENT DURING PENDENCY OF APPEAL

*Per Curiam:*

This matter is before us on a motion of appellants, pursuant to NRCP, Rule 62(g), to stay the execution of a judgment of the district court, during the pendency of the appeal, purporting to "modify" an order of the Nevada tax commission revoking the gambling license of the respondents. Such order would, if granted, restore the effectiveness of the commission's revocation order

pending the appeal. We have concluded that the motion should be granted.

On July 26, 1958, Nevada tax commission, pursuant to investigation and recommendation of the state gambling control board and after hearing, made its written order revoking the gambling license of respondents. NRS 463.310. Respondents sought a review of this order in the district court, which, after considering the record of the hearing before the commission, entered its order on August 9, 1958, as follows:

"1. That the Revocation of the 21 or Black Jack games located on the premises of the Petitioners is suspended for a sixty (60) day period commencing from July 26, 1958.

"2. That the Revocation of the Crap games located on the premises of the Petitioners is suspended for a thirty (30) day period commencing from July 26, 1958.

"3. The Order as to the suspension of Slot Machines is reversed."

The tax commission lodged its appeal with this court, together with its motion to suspend execution of the order pending appeal.

The order appealed from would appear on its face to hold that the evidence before the tax commission furnished substantial support for its revocation order.

We thus have the findings of the state gambling control board, the Nevada tax commission and the district court that respondents had indulged in cheating in their Twenty-one or Black Jack game. The district court, however, apparently deemed the penalty imposed to be excessive and made the order above recited, substituting a 60-day suspension of the Twenty-one game license and a 30-day suspension of the Crap game license for the total revocation of the gambling license imposed by the commission. The commission contends that such action of the district court invaded the statutory administrative and control powers exclusively vested in it. NRS 463.130; 463.140, 1, 2, 3 (d) ; 463.220, 4; 463.310, 4, 5, 6, 7. Whether or not such is the case will be one of the issues, possibly the main issue, to be determined in considering the appeal on the merits.

It is conceded by both parties that the granting or denial of the present motion lies within the sound discretion of the court. Giving consideration to the probable nature of the issues upon the merits of the appeal and to the balancing of public and private interests here involved, we conclude that the motion for the stay pending appeal should be granted under the circumstances of this case.

The motion is hereby granted. The effectiveness of the order substituting a limited suspension in place of the revocation is hereby stayed pending the appeal, and the revocation order of the commission is hereby reinstated pending such appeal.