WHITE PINE POWER DISTRICT NO. 9, A MUNICIPAL CORPORATION, APPELLANT, *v.* PUBLIC SERVICE COMMISSION OF NEVADA, AND ITS MEMBERS, J. G. ALLARD, NOEL A. CLARK, AND RICHARD G. CAMPBELL; WELLS POWER COMPANY, A CORPORATION; WELLS RURAL ELECTRIC COMPANY, A CORPORATION; ROBERT R. WRIGHT, A SUBSCRIBER FOR ELECTRIC POWER PROPOSED TO BE SERVED BY THE WELLS RURAL ELECTRIC COMPANY; CHARLES C. READ, A USER OF ELECTRIC POWER SERVED BY WELLS POWER COMPANY; SAID ROBERT R. WRIGHT AND CHARLES C. READ BEING MADE DEFENDANTS FOR THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED, RESPONDENTS.

No. 4306

May 18, 1960

352 P.2d 256

*Robert R. Gill,* of Ely, Nevada, and *Elias Hansen,* of Salt Lake City, Utah, for Appellant.

*Roger D. Foley,* Attorney General, for Respondent Public Service Commission of Nevada and its members.

*Orville R. Wilson,* of Elko, for Respondent Wells Power Company.

*Vaughn & Hall,* of Elko, for Respondents Wells Rural Electric Company, Robert R. Wright and Charles C. Read.

## OPINION

*Per Curiam:*

Appellant commenced an action in the court below seeking to enjoin respondent Wells Power Company from selling its assets to respondent Wells Rural Electric Company and praying that the court declare null and void the approval by the respondent Public Service Commission of Nevada of such sale. The motion of respondents to dismiss the action was granted on the ground that the complaint failed to state a claim against respondents. Appeal is pending from the order of dismissal. The present proceeding is a motion by appellant pursuant to Rule 62(g) NRCP to enjoin respondent Wells Power Company from consummating the sale of its assets to respondent Wells Rural Electric Company and enjoining respondents Public Service Commission of Nevada and its members from transferring to respondent Wells Rural Electric Company the certificate of public convenience and necessity heretofore issued to Wells Power Company during the pendency of the appeal.

The granting or denial of the present motion lies within the sound discretion of the court. Nev. Tax Commission v. Mackie, 74 Nev. 273, 330 P.2d 496. This was conceded by appellant during oral argument.

It has not been pointed out in appellant's points and authorities on this motion nor in its oral argument any irreparable injury which it might suffer through our failure to grant said motion. In fact, how appellant could suffer an irreparable injury during the pendency of the appeal would be difficult to understand in light of the admitted facts that appellant has not been granted a certificate of public convenience and necessity by the Public Service Commission of the State of Nevada, nor

has it been granted a franchise by the State of Nevada or the County of Elko, State of Nevada, or the City of Wells, County of Elko, State of Nevada, to serve any of the residents or inhabitants of that area of Nevada included within the existing franchise of the Wells Power Company or the certificate of public convenience and necessity heretofore issued to Wells Power Company and under which said company is now operating. See Lovelock Merc. Co. v. Lovelock Irr. Dist., 51 Nev. 179, 272 P. 1.

"We do not regard such requested relief as relating to a preservation of the status quo. Save as a provisional remedy in aid of collection of a money judgment such relief does not appear to relate to the effectiveness of any judgment we might render. That the effectiveness of our ultimate judgment might be defeated should we fail to act does not appear at all." Kassabian v. Jones, 72 Nev. 314, 304 P.2d 962, 963.

Motion denied.

McNAMEE, C. J., PIKE, J., and BOWEN, D. J.

Badt, J., being disqualified, the Governor designated Honorable Grant L. Bowen, Judge of the Second Judicial District, to sit in his stead.