WHITE PINE POWER DISTRICT NO. 9, A MUNICIPAL CORPORATION, APPELLANT, *v.* PUBLIC SERVICE COMMISSION OF NEVADA, AND ITS MEMBERS, J. G. ALLARD, NOEL A. CLARK, AND RICHARD G. CAMPBELL, WELLS POWER COMPANY, A CORPORATION, WELLS RURAL ELECTRIC COMPANY, A CORPORATION, ROBERT R. WRIGHT, A SUBSCRIBER FOR ELECTRIC POWER PROPOSED TO BE SERVED BY THE WELLS RURAL ELECTRIC COMPANY, CHARLES C. READ, A USER OF ELECTRIC POWER SERVED BY WELLS POWER COMPANY, SAID ROBERT R. WRIGHT AND CHARLES C. READ BEING MADE DEFENDANTS FOR THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED, RESPONDENTS.

No. 4306

December 29, 1960          358 P.2d 118

(Petition for rehearing denied February 24, 1961.)

*Robert R. Gill,* of Ely, Nevada, and *Elias Hansen,* of Salt Lake City, Utah, for Appellant.

*Roger D. Foley,* Attorney General, for Respondent Public Service Commission of Nevada and its members.

*Orville R. Wilson,* of Elko, for Respondent Wells Power Company.

498

*Vaughan & Hull,* of Elko, for Respondents Wells Rural Electric Company, Robert R. Wright and Charles C. Read.

**OPINION**

By the Court, MCNAMEE, C. J.:

This is an action by appellant to enjoin respondent Wells Power Company from selling its assets to respondent Wells Rural Electric Company. The complaint further seeks to have the court declare null and void the approval by the respondent Public Service Commission of such sale. The motion of respondents to dismiss the action was granted upon the ground that the complaint failed to state a claim against respondents in that no facts were alleged which would show that appellant was a party in interest. Appeal is from the order of dismissal.

This court heretofore denied appellant's motion herein for an injunction during the pendency of this appeal. White Pine Power District v. Public Serv. Comm., 76 Nev. 263, 352 P.2d 256. In that opinion we said:

"It has not been pointed out in appellant's points and authorities on this motion nor in its oral argument any irreparable injury which it might suffer through our failure to grant said motion. In fact, how appellant could suffer an irreparable injury during the pendency

of the appeal would be difficult to understand in light of the admitted facts that appellant has not been granted a certificate of public convenience and necessity by the Public Service Commission of the State of Nevada, nor has it been granted a franchise by the State of Nevada or the County of Elko, State of Nevada, or the City of Wells, County of Elko, State of Nevada, to serve any of the residents or inhabitants of that area of Nevada included within the existing franchise of the Wells Power Company or the certificate of public convenience and necessity heretofore issued to Wells Power Company and under which said company is now operating."

The same reasons for denying an injunction pending this hearing on the merits of the appeal exist for denying the relief prayed for in the complaint.

Appellant argues however that inasmuch as the appellant, White Pine Power District, is a municipal power district organized pursuant to NRS 312, it needs no certificate of public convenience as required by subsection 1 of NRS 704.330.[1]

Only municipalities constructing, leasing, operating, or maintaining any public utility are exempt from the provisions of NRS 704.330. NRS 704.340. A municipal power district is not a municipality. NRS 312.040. The case of State v. Lincoln County Power District, 60 Nev. 401, 111 P.2d 528, does not hold otherwise. It decided only the proposition that the property of a municipal power district was exempt from taxation. We therefore conclude that municipal power districts are subject to the provisions of NRS 704.330.

Not having been granted a certificate from the Public Service Commission of Nevada that the present or future

[1]Subsection 1 of NRS 704.330: "Every public utility owning, controlling, operating or maintaining or having any contemplation of owning, controlling or operating any public utility shall, before beginning such operation or continuing operations or construction of any line, plant or system or any extension of a line, plant or system within this state, obtain from the commission a certificate that the present or future public convenience or necessity requires or will require such continued operation or commencement of operations or construction."

public convenience or necessity requires or will require its operation within the existing franchise of the respondent Wells Power Company, appellant White Pine Power District is not a party with an interest entitling it to maintain this action.

Affirmed.

PIKE, J., and BOWEN, District Judge, concur.

BADT, J., being disqualified, the Governor designated Honorable Grant L. Bowen, Judge of the Second Judicial District, to sit in his stead.